### In re Samuel Lee JONES, Gayle Juanita Jones, Debtors.

**Bankruptcy No. 3–81–00557.**

United States Bankruptcy Court, W. D. Kentucky.

Aug. 10, 1981.

Henry Jarrett, Louisville, Ky., for debtors.

Stephen W. Fleck, Louisville, Ky., for creditor.

G. William Brown, Louisville, Ky., trustee.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy proceeding is before the Court on the objection of AVCO Financial Services, a creditor, to a lien avoidance by the debtors regarding household goods.

The identical issues were raised before this Court recently in the case of *In Re Schrimp*, 17 B.R. 36 (Bkrtcy.Ky.1981). The reasoning and decision of that case apply likewise to the instant case, and therefore the opinion in *In Re Schrimp*, supra, is herein attached and incorporated by reference as if set out in full.

The *Schrimp* decision dealt with a bankruptcy petition filed under the provisions of Chapter 7 of the Bankruptcy Code. The instant case is distinguishable in the respect that it involves a Chapter 13 proceeding.

Nevertheless, section 522(f) of the Bankruptcy Code, 11 U.S.C. § 522(f), is applicable to a Chapter 13 case. Section 103(a) of the Bankruptcy Code, 11 U.S.C. § 103, states that:

"(a) Except as provided in section 1161 of this title, chapters 1, 3 and 5 of this title apply in a case under chapters 7, 11, or 13 of this title."

5 *Collier on Bankruptcy*, ¶ 1300.81 (15th Ed. 1981), notes that:

"A chapter 13 debtor is entitled to claim the same exemptions allowed a chapter 7 debtor ... [T]he debtor's avoiding powers and other rights granted under section 522 will be of importance in a chapter 13 case." See also *In Re Ohnstad*, 6 BCD 6 (D.S.D.1980).

Having determined that the exemption provisions and avoidance of liens on exempt property of the debtor apply to a Chapter 13 case, the *Schrimp* decision would indicate that a nonpossessory, nonpurchase money lien on household goods can be avoided by statement in the chapter 13 plan. A complaint is not mandated procedurally so long as the requisites of due process are afforded the creditor.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the nonpossessory, non-

purchase money lien of AVCO Financial services on household goods be and is avoided to the extent of the debtors' exempt interest therein.

A copy of this memorandum and order is mailed to Henry Jarrett, attorney for the debtors; to Stephen W. Fleck, attorney for the creditor, Avco Financial Services; and to the trustee, G. William Brown.