**In re James C. SCHRIMP, Jo Ann Schrimp, Debtors.**

**Bankruptcy No. 3–80–02755.**

United States Bankruptcy Court, W. D. Kentucky.

Aug. 10, 1981.

Stephen W. Fleck, Louisville, Ky., for creditor.

Henry K. Jarrett, III, Louisville, Ky., for debtors.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case is before the Court on motion of the debtors, James and Jo Ann Schrimp (Schrimps), by counsel, to avoid the nonpurchase money, nonpossessory security interest of AVCO Financial Services (AVCO) pursuant to 11 U.S.C. § 522(f). The lien was perfected by AVCO on April 27, 1979. The security for the loan in the amount of $3,648.00 was: a chair; two television sets; four chests; three night stands; a vacuum cleaner; a washer and dryer; and tools.

AVCO's response raises two issues: whether retroactive application of § 522 is constitutional and whether procedural due process is violated when the filing of a motion is required rather than a complaint.

■ The first issue can be easily and briefly resolved. This Court, on April 29, 1981, decided in *In re Cunningham*, No. 1–80–00031, that:

"... 11 U.S.C. § 522(f) is unconstitutional as to those security interests perfected prior to November 6, 1978 (enactment date); and it is the further finding here that those security agreements consummated thereafter do not deprive the creditors of due process, and it is constitutionally permissible to apply subsection (f) to those agreements."

Since AVCO's security interest was perfected on April 27, 1979, a date after enactment but prior to the effective date (October 1, 1979) of the Code, it is evident that the *Cunningham* decision is dispositive, and the lien can be avoided.

The Court is now confronted with the more difficult issue of the proper procedure to be applied in avoiding those liens specified in § 522(f). The decisional law of other jurisdictions provides little guidance for resolution of the controversy. The issue has been decided inconsistently with the result that there does not exist a clear precedent setting forth the proper procedure to be utilized. The following courts have found that liens could be avoided by: application, *In re Hill*, 4 B.R. 310, 6 B.C.D. 307 (Bkrtcy.N.D.Ohio, 1980); complaint, *In re Adkins*, 7 B.R. 325, 6 B.C.D. 997 (Bkrtcy. S.D.Cal.1980); complaint, *In re Lucero*, 4 B.R. 659, 6 B.C.D. 477 (Bkrtcy.Colo.1980); complaint, *In re Garries*, 4 B.R. 240, 6 B.C.D. 434 (Bkrtcy.S.D.Ohio, 1980); and request, *In re Van Gorkom*, 4 B.R. 689, 2 C.B.C.2d 477 (Bkrtcy.D.S.D.1980).

The creditor relies upon Rule 701, Rules of Bankruptcy Procedure, which prescribes that adversary proceeding rules apply to proceedings instituted to determine the "... validity, priority or extent of a lien or other interest in property." Rule 701(2), Rules of Bankruptcy Procedure. It is un-

controverted that Rule 701 is applicable to proceedings commenced under the Reform Act to the extent that the rule is not inconsistent with the Act. § 405(d), title IV of the Bankruptcy Reform Act of 1978. Rule 703, R.B.P., specifies that "an adversary proceeding is commenced by filing a complaint with the court."

The rules, in Part VII, Rule 701, et al., were promulgated to govern the procedural aspects of contested matters within the summary jurisdiction of the bankruptcy court. Under the present law the jurisdictional limitation of summary versus plenary actions has been eliminated. 28 U.S.C. § 1471; see also, 13 *Collier, on Bankruptcy,* ¶ 701.01–701.03 (14th Ed. 1977).

However, Rule 701 is limited to the matters specifically delineated within its subsections. Rule 914 provides:

> "In a contested matter in a bankruptcy case not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. . . ."

The word "motion" is defined by Rule 901 to be ". . . an application to the court for an order . . . to determine any other contested matter." As explained in *Collier,* "the use of the term (motion) in these rules is restricted to proceedings involving adverse parties and conforms to general usage in this regard." 13 *Collier on Bankruptcy,* ¶ 901.01 (14th Ed. 1977).

■ Rule 914 supports an underlying objective of bankruptcy law—the expeditious conclusion of the bankruptcy case. For this reason, the rules retain a distinction between adversary proceedings and contested matters. Nevertheless, when a Rule 914 motion is appropriate, the adverse party must be given reasonable notice and an opportunity for a hearing in order to insure compliance with the due process requirements of the Constitution.

A thorough review of Rules 701 and 914 indicates that neither rule addresses the issue here. Rule 701 was designed primarily as a procedural guide to the institution and litigation of proceedings brought by the trustee or other chapter officer to recover property being adversely claimed by a third party. Rule 914 is limited to matters not requiring the formal procedural approaches to adversary proceedings set out in Part VII. However, in order to afford the necessary constitutional protections, elemental requisites of due process apply.

■ Since expeditious administration of a bankruptcy case is evidenced by a strong congressional objective, it would be inappropriate for the court, absent a clear statutory expression, to fashion a rule which would delay and make more expensive that administration. If respondent's position were accepted, the debtor, in order to avoid a lien within the meaning of § 522(f) would have to file a complaint, pay the required sixty-dollar ($60.00) filing fee, summons would have to issue, and all other formal requirements would have to be satisfied. This procedure was clearly not contemplated by congress when it enacted § 522. Section 522 was created to correct what congress felt was an unconscionable wrong. It was not the intention to place time consuming and costly obstacles in the way of a distressed debtor, but to enable the debtor a more realistic and substantive "fresh start".

■ For the foregoing reasons, the court concludes that the procedure prescribed in Rule 914 is applicable to § 522, and that granting the relief by motion is constitutionally permissible. *In re Cunningham,* No. 1–80–00031 (W.D.Ky.1981).

IT IS ORDERED AND ADJUDGED that the motion of the debtors to avoid the lien of AVCO Financial Services of Kentucky be and is sustained. 11 U.S.C. § 522(f).