In re Carol Ann SCHWEITZER, Debtor.

Bankruptcy No. 3–80–02828.

United States Bankruptcy Court,
W. D. Kentucky.

Aug. 10, 1981.

Alan L. Schmitt, Louisville, Ky., for debtor.

Mapother & Mapother, Louisville, Ky., for creditor.

MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on motion of debtor to compel the return of property involuntarily transferred by way of garnishment. A creditor, Fidelity Financial Services (Fidelity), by counsel, objects to the motion asserting that the action is pursuant to 11 U.S.C. § 522, and is in nature an adversary proceeding necessitating the filing of a complaint by the debtor.

The facts as they pertain to the issue are not in dispute and may be stated briefly as follows:

A voluntary petition in bankruptcy was filed by the debtor pursuant to Chapter 7 of the Bankruptcy Code on September 26, 1980. In January of 1978, the debtor was granted a loan by Fidelity which was secured by an automobile. That loan was subsequently declared in default and judgment was entered against the debtor on April 30, 1980, in the Hardin District Court in the amount of $950.59.

Thereafter, on June 30, July 25, August 8, and September 19, 1980, Fidelity caused the debtor's wages to be garnished in the amounts of $58.56, $64.95, $63.03, and $63.78, respectively, for a total amount of $250.32. Fidelity subsequently regained possession of the subject automobile. The debtor seeks to compel the return of the garnished funds and utilize the allowable exemption provision (specifically KRS 427.-160) on her own motion due to the fact that the trustee has not attempted to avoid these transfers. The creditor, Fidelity, asserts that this matter is in the nature of an adversary proceeding and procedurally requires the filing of a complaint.

The bankruptcy court has jurisdiction of the parties and the subject matter of this controversy pursuant to 28 U.S.C. § 1471.

Section 547 of the Bankruptcy Code, 11 U.S.C. § 547, states in part:

"(b) . . . the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(a) on or within 90 days before the date of the filing of the petition; . . .

(5) that enables such creditor to receive more than such creditor would receive if—

. . . (B) the transfer had not been made; . . . ."

Section § 522(g) of the Bankruptcy Code, 11 U.S.C. § 522, states in pertinent part: ". . . the debtor may exempt . . . property that the trustee recovers . . . to the extent that the debtor could have exempted such property . . . if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property . . . ."

▪ If the trustee does not pursue an avoiding power to recover a transfer of property that would be exempt, the debtor may pursue it and exempt the property, if the transfer was involuntary and the debtor did not conceal the property. This right of action is given to the debtor by virtue of subsection (h) of 11 U.S.C. § 522, which provides:

"(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section . . . 547 . . . of this title . . . and

(2) the trustee does not attempt to avoid such transfer."

It is evident from the facts of this case that the garnishments in the total amount of $250.32 meet all the criteria of a § 547 preference; that the transfers could have been avoided by the trustee; and further that the debtor has the prerogative of pursuing the return of the subject funds in the absence of action to do so on the part of the trustee.

The Court is now confronted with the issue of the proper procedure to be applied in matters arising pursuant to exemptions and related provisions of section 522 of the Code, 11 U.S.C. § 522. Recently a closely related issue was before this Court in the case of *In Re Schrimp*, 17 B.R. 36 (Bkrtcy.1981). The specific issue in that case was the proper procedure to be applied in avoiding liens which are nonpossessory, nonpurchase money security interests in property as specified in subsection (f) of § 522 of the Code.

In *Schrimp*, supra, this court held that the procedure prescribed in Rule 914, Rules of Bankruptcy Procedure, is applicable to subsection (f) of § 522, and that granting the relief by motion is constitutionally permissible.

▪ Consonant with the underlying policy of the Bankruptcy Code and the rationale of *Schrimp*, there appears to be no constitutional infirmity in granting relief by motion pursuant to subsections (g) and (h) of § 522. In this regard, the reasoning of *In Re Schrimp*, 17 B.R. 36 (Bkrtcy.1981), is herein attached and incorporated by reference as if set out in full.

WHEREFORE, IT IS ORDERED AND ADJUDGED that debtor's motion to compel the return of $250.32 transferred involuntarily by way of garnishment be and is hereby sustained.