**In re Ralph N. EMERY, Debtor.**

**Robert POUTRE, Plaintiff,**

v.

**Ralph N. EMERY, David D. Robinson, Esq., Trustee, Defendants.**

**Bankruptcy No. 81–00105.**
**Adv. No. 81–0110.**

United States Bankruptcy Court,
D. Vermont.

Aug. 15, 1981.

William J. Donahue of Otterman & Allen, P. C., Bradford, Vt., for plaintiff.

Timothy J. Wells, White River Junction, Vt., for debtor.

David D. Robinson, Rutland, Vt., Trustee pro se.

MEMORANDUM AND CONCLUSIONS

CHARLES J. MARRO, Bankruptcy Judge.

This is an adversary proceeding on the Complaint of the Plaintiff for relief from stay pursuant to § 362(d) to permit him to continue to enforce a pre-petition judgment by collecting from the employer of the Debtor a certain portion of the wages earned by him after the date of the filing of the Petition.

FACTS

On September 5, 1979, the Windsor Superior Court entered Judgment in favor of the Plaintiff against the Debtor in the sum of $17,220.00. Subsequently the Plaintiff filed a Motion in the same Court for enforcement of the Judgment by Trustee Process against the earnings of the Debtor and on April 21, 1981 the Windsor Superior Court entered a Judgment directing the employer of the Debtor to withhold from the Debtor's weekly earnings the sum of $17.00 to be delivered to the Plaintiff until the Judgment was satisfied or until the Judgment was modified. This Judgment has not been modified.

The Debtor filed a Motion to Dismiss the Complaint for Relief from Stay alleging that the Trustee Process was not perfected until April 21, 1981 which was about one month before the filing of the Petition for Relief by the Debtor on May 22, 1981. The

Debtor further contends that the enforcement of Trustee Process constitutes a preference by virtue of perfection within 90 days of the filing of the Petition.

At the hearing the Debtor waived any claim to wages collected by the Plaintiff during the preference period of 90 days of the filing of the Petition.

The only issue which remains is whether or not the Plaintiff is entitled to continue to collect from the wages of the Debtor earned after the date of the filing of the Petition.

Under Vermont Law a judgment creditor may move for the issuance of Trustee Process against the earnings of the judgment debtor and, after hearing, the Court makes a determination as to what disposable earnings may be withheld from the wages of the debtor and turned over to the judgment creditor in satisfaction of a final judgment. Title 12 V.S.A. § 3167—§ 3170. The proper procedure was followed in the instant case. The effect of the Order of the State Court for satisfaction of the judgment obtained by the creditor is a transfer of the property of the debtor to the creditor.

Under § 547(e)(3) a transfer is not made until the debtor has acquired rights in the property transferred. Therefore, until the debtor has earned wages he has no property rights in them. No question has been raised as to the dischargeability of the judgment debt and such being the case the creditor is not entitled to any further satisfaction of it and especially from wages earned after the filing of the Petition which rightfully belong to the debtor.

It has been held that the debtor, in the absence of action by the trustee, may even recover wages earned by him during the 90–day preference period even though they are subject to a continuing Garnishment Order of the Court. *In re Cox* (1981, Bkrtcy. DC Md.) 10 B.R. 268, Adversary No. 80–0153. The contrary has been held by the Second Circuit. See *In re Riddervold*, 647 F.2d 342 (2nd Cir. 1981). However, in the *Riddervold* case the Court recognizes the post-adjudication earnings of the debtor do not belong to the judgment creditor.

See also *In re Sims*, 176 F. 645 in which the Court denied the validity of an execution against post-adjudication wages on the basis that to uphold this would conflict with the provisions of the Bankruptcy Act with reference to discharge.

It follows, therefore, that the automatic stay should be continued and the Plaintiff enjoined from satisfying the judgment from any wages earned by the Debtor after the date of the filing of the Petition.