**FIDELITY FINANCIAL SERVICES,
Appellant,**

v.

**Carol Ann SCHWEITZER, Appellee.**

**No. C 81–0579–L(B).**

United States District Court,
W. D. Kentucky,
Louisville Division.

Nov. 24, 1981.

William R. Mapother, Louisville, Ky., for appellee.

Robert Frederick Smith, Legal Aid Society, Inc., Louisville, Ky., for appellant.

## MEMORANDUM

BALLANTINE, District Judge.

This is an appeal from a ruling of Bankruptcy Judge Stewart Bland granting debtor's motion to avoid the transfer of property of the debtor.

The relevant facts are not in dispute. Debtor obtained a loan from appellant, Fidelity Financial Services (FFS) for which FFS took a security interest in an automobile. The debtor defaulted and FFS obtained judgment in the Hardin District Court in the amount of $950.59. Successive garnishments by FFS realized $250.32.

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. She then filed a motion seeking to avoid the transfer of her garnished wages. Title 11 U.S.C. Section 522(h). FSS argued before Judge Bland and argues here that a proceeding under Section 522(h) is in the nature of an adversary proceeding and, thus, debtor must proceed by complaint rather than by motion. Bankruptcy Rule 701 sets forth 7 proceedings which are denominated as adversary proceedings. The question then before the Court is whether a Section 522(h) proceeding may fit into one of the seven categories of Rule 701. We agree with Judge Bland that it does not.

Judge Bland held, and we agree, that the criteria of Section 547 have been met since the Trustee could have avoided the transfer but did not. Thus, the debtor may avoid the transfer.

FFS argues that since the Administrative Office of the United States Courts has exempted debtors from the $60.00 filing fee in adversary proceedings, there is no burden imposed on the debtor and she should be required to proceed by complaint. Whether this argument has merit we do not decide.[1]

The Court concludes that avoidance of a transfer of property is not a proceeding to recover money or property and, thus, Rule 701 is inapplicable. We look instead to Rule 914 which provides in part: "In a contested matter in a bankruptcy case not otherwise governed by these rules relief shall be requested by motion . . . ." We agree with Judge Bland's holding and it will be affirmed in all respects. In light of the Court's decision, appellant's motion for oral argument will be denied.

1. Neither do we reach the question of the inequity of requiring creditors to file complaints and to pay the $60.00 filing fee since that matter is not before this Court.