**In re David Joseph MAYO, Debtor.**

**David Joseph MAYO, Plaintiff,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant.**

**Civ. A. No. 81–184–NN.**

United States District Court,
E. D. Virginia,
Newport News Division.

Dec. 10, 1981.

Richard Hudgins, Hudgins, Neale & Brown, Newport News, Va., for David Joseph Mayo.

S. Randall McDaniel, Taylor, Gustin, Harris, Fears & Davis, Norfolk, Va., for defendant.

## OPINION AND ORDER

MacKENZIE, Chief Judge.

This matter was heard by the Court on November 30, 1981 on plaintiff's appeal from a decision of the United States Bankruptcy Court.

The facts are not in dispute. On January 26, 1981, defendant United States Automobile Association (USAA) obtained a judgment against plaintiff in Norfolk General District Court. On February 3, 1981, an execution based on this judgment was delivered to the High Constable of the City of Norfolk, and at the same time a garnishment summons was issued which was returnable on April 20, 1981.

Pursuant to the summons, plaintiff's employer deducted the sum of $507.64 from his wages. On April 20, 1981, the employer reported to the State Court that this amount had been withheld, and the Court ordered that these funds be paid to defendant.

On May 21, 1981, plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code. He also filed an application to avoid the lien of the garnishment summons and to have the proceeds returned.

On September 9, 1981, the United States Bankruptcy Court entered an order denying plaintiff's application to avoid the lien.

The issue presented on appeal is whether with the enactment of the Bankruptcy Reform Act of 1978 the effective date of a garnishment summons for preference purposes has changed.

11 U.S.C. § 547 provides, in pertinent part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

. . . .

(e)(3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

(f) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

Plaintiff argues that the Bankruptcy Code has broadened the definition of "transfer" to such an extent that the concept bears no resemblance to Section 60 of the Bankruptcy Act. Plaintiff views the definition of transfer as of primary importance in this case.

Section 60 of the Bankruptcy Act provided in pertinent part:

a.(1) A preference is a transfer as defined in this Act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

(2) For the purposes of subdivisions a and b of this section, *a transfer of property other than real property shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee.*

. . . .

(4) A lien obtainable by legal or equitable proceedings upon a simple contract, within the meaning of paragraph (2) is a lien arising in ordinary course of such proceedings upon the entry or docketing of a judgment or decree, or upon attachment, garnishment, execution, or like process, whether before, upon, or after judgment or decree and whether before or upon levy. It does not include liens which under applicable law are given a special priority over other liens which are prior in time. (emphasis added)

Under the Bankruptcy Code which is now in effect, transfer is defined as every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with property or with an interest in property, including retention of title as a security interest. 11 U.S.C. § 101(40).

Defendant does not view the transfer concept as being definitive. He argues that the creation and perfection of a lien under the provisions of state law is the relevant consideration. He states that the law on this point remains unchanged. Defendant argues that the Bankruptcy Act case law, as exemplified by *In Re Acorn Electric Supply, Inc.*, 348 F.Supp. 277 (E.D.Va.1972) governs the disposition of this matter.

In *Acorn Electric*, Judge Hoffman held that Virginia law governed the fixing of the lien. Further, it was found that the Virginia execution lien or intangibles is perfected for bankruptcy purposes when the writ of fieri facias is delivered to the officer to be executed. Perfection is the key concept in this analysis. If the lien was thus perfected before the then four-month period before bankruptcy, it would not be preferential transfer.

If the case *sub judice* is in fact governed by *Acorn Electric*, then the lien would have been perfected on February 3, 1981. This would be in advance of the ninety day period of § 547, and there would be no preference problem.

If, however, defendant's argument that there must be a transfer of property in which the debtor has an interest, and the debtor has no interest in wages until they are earned succeeds, then the date of effectiveness of the summons would fall within the preference period.

Contrary to the decision of the Bankruptcy Judge, the Court finds that this case is governed by *In re Cox*, 10 B.R. 268, 7 B.C.D. 733 (Bkrtcy.D.Md.1981) rather than by *Acorn Electric*. *In re Cox* found:

A writ of garnishment may well be a duly perfected lien on wages yet to be earned such that a creditor on a simple contract cannot acquire a judicial lien

that is superior to the rights of the judgment creditor. Cf. 11 U.S.C. § 547(e)(1)(B) (Supp. III 1979). Nonetheless, the avoidance powers under § 547(h) extend to the avoidance of transfers rather than perfection of liens. Inasmuch as § 547(e)(3) establishes that a transfer does not occur until the debtor has rights in the collateral, the transfer of wages garnished pursuant to a writ of garnishment cannot occur until the judgment debtor has earned the wages garnished. Thus, a payment on the garnishment attributable to wages earned by the debtor within ninety days of the filing of a bankruptcy petition is a preferential transfer to a judgment creditor.

10 B.R. at 271, 7 B.C.D. at 735.

*See also In Re Brengle*, 10 B.R. 360, 361 (Bkrtcy.D.Del.1981).

Utilizing the reasoning contained in this opinion, the wages of plaintiff which were earned and subjected to the garnishment process within ninety days of the date of filing the petition in bankruptcy were preferentially transferred. Since the trustee did not act to avoid the transfer under § 547, plaintiff could properly bring such an action under § 522(h). *See In Re Emery*, 13 B.R. 689, 690 (Bkrtcy.D.Vermont 1981) (debtor's power to recover money earned during the preference period).

Accordingly, the decision of the United States Bankruptcy Court is REVERSED, and plaintiff's application to avoid the transfer of funds within the preference period is GRANTED.