In re Donald L. WALDEN, Diane C. Walden, Debtors.

Donald L. WALDEN, Diane C. Walden, Plaintiffs,

v.

FIRST TENNESSEE BANK, Defendant.

Bankruptcy No. 1–81–01687.
Adv. No. 1–81–0689.

United States Bankruptcy Court,
E. D. Tennessee.

May 3, 1982.

Mack W. O'Rear, Chattanooga, Tenn., for plaintiffs.

Arthur C. Grisham, Jr., Chattanooga, Tenn., for defendant.

1. 11 U.S.C. § 522(h) provides in pertinent part:
   "(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer if—

MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The debtors filed a complaint seeking to avoid a preferential transfer pursuant to 11 U.S.C. § 522(h).[1]

The facts are essentially undisputed.

The petition in bankruptcy was filed August 31, 1981. A judgment had been obtained by the creditor, First Tennessee Bank, on May 11, 1981. A garnishment order was served on debtor's employer on May 27, 1981. Debtor's employer paid into the registry of the state court the following sums during the ninety (90) day period before bankruptcy.

| Date Paid into Court | Amount | Date Paid to Attorneys for Bank |
|---|---|---|
| 6–15–81 | $ 151.20 | 6–18–81 |
| 7–02–81 | 182.36 | 7–09–81 |
| 7–16–81 | 182.36 | 7–20–81 |
| 7–31–81 | 182.36 | 8–05–81 |
| 8–14–81 | 182.36 | 8–21–81 |
| 8–31–81 | 156.04 | 9–03–81 |
| Total | $1,036.68 | |

The debtor contends that monies paid to the defendant, First Tennessee Bank constitutes a preferential transfer within the provisions of 11 U.S.C. § 547(b).

Section 547(b) defines a preferential transfer as a transfer of the debtor's property which was:

"(1) to or for the benefit of creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
        (i) was an insider; and

(1) such transfer is avoidable by the trustee under section ... 547 ... of this title ... and
(2) the trustee does not attempt to avoid such transfer."

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title.

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

It is agreed that all elements of a preferential transfer are present except one. The defendant-bank contends that the transfer of wages occurred when the debtor's employer was served with a copy of the garnishment order on May 11, 1981, which date is more than 90 days prior to the filing of the petition in bankruptcy.

The bank specifically contends that the service of the garnishment order on the debtor's employer eliminated any property rights the debtor had in his future wages. If this contention is correct, the transfer of the debtor's property occurred outside the 90 day period specified by the Code and would not be avoidable as a preferential transfer.

The debtor contends that the transfer of his garnished wages did not occur until he obtained a right in his wages. If this contention is correct, each transfer occurred within the 90 days preceding the filing of the debtor's petition and is avoidable as a preferential transfer.

Some federal courts have held that the service of the garnishment order on the debtor's employer creates a "continuing levy" which terminates any legal interest which the debtor has in his future wages. These courts hold that the date of transfer is the date that the garnishment was served on the debtor's employer. *Riddervold v. Saratoga Hospital*, 647 F.2d 342, 344–347 (2d Cir. 1981); *Moratzka v. Bill Simek Distributing, Inc.*, 12 B.R. 936, 937–938 (Bkrtcy.D.Minn.1981); *Woodman v. L.A. Olson Co.*, 8 B.R. 686, 688 (Bkrtcy.W.D.Wis. 1981).

Other courts have held that the transfer of the debtor's property does not occur until the debtor has obtained a right in his wages. *Evans v. CIT Financial Services, Inc.*, 16 B.R. 731 (Bkrtcy.N.D.Ga.1982); *Baum v. United Virginia Bank*, 15 B.R. 538, 541 (Bkrtcy.E.D.Va.1981); *Cox v. General Electric Credit Corp.*, 10 B.R. 268, 270–272 (Bkrtcy.D.Md.1981); *See also Poutre v. Emery*, 13 B.R. 689, 690 (Bkrtcy.D.Vt.1981).

The Bankruptcy Court for the Middle District of Tennessee, in a recent opinion, reviewed the above cases as well as the Tennessee law on garnishment, and concluded that the correct view is that transfer of the debtor's property does *not* occur until the debtor has obtained a right in his wages. *Eggleston v. Third National Bank*, 19 B.R. 280 (Bankr.Ct.M.D.Tenn., 1982).

The opinion notes that in establishing whether a transfer is preferential under § 547, Congress delineated specific guidelines to identify at what point a transfer is complete. Section 547(e) provides in pertinent part:

(e)(1) For the purposes of this section—

(A) . . .

(B) A transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

(2) . . .

(3) For the purposes of this section, *a transfer is not made until the debtor has acquired rights in the property transferred.* (Emphasis supplied).

The opinion further notes:

Nothing in the legislative history of the statutory language itself, however, implies that the provisions of § 547(e)(3) are limited to transfers involving security interests in after-acquired collateral. The unambiguous and clear language of the statute requires that the provisions of § 547(e)(3) apply to all transfers which are attached as preferential, including a judicial lien obtained by a garnishment proceeding. For this reason, the transfer

of the debtor's wages to the creditor in the present case could not occur until the debtor became entitled to his wages. The debtor simply has no right to wages which have not yet been earned. *See Poutre v. Emery*, 13 B.R. at 690; *Cox v. General Electric Credit Corp.*, 10 B.R. at 271–272.

The Tennessee law on garnishment buttresses the conclusion that the transfer of the debtor's wages did not occur until after the debtor had earned these wages. In *Beaumont v. Eason*, 59 Tenn. (12 Heisk.) 417, 418–421 (1873), the Tennessee Supreme Court presented an extensive analysis of the operation and effect of Tennessee's garnishment laws.

The court concludes:

Section 26–2–215 of the Tennessee Code specifically provides that the garnishee shall *remit to the court* all monies withheld pursuant to the garnishment order issued by the court. Section 26–2–215 does not permit the garnishee to pay the garnished wages directly to the creditor. The debtor, therefore, retains an interest in his wages until such interest is terminated by the court's payment of the garnished wages to the creditor. Under Tennessee law, it is clear that the transfer of the debtor's wages does not occur until the court has paid the monies garnished to the creditor. For the purposes of determining a preferential transfer under federal bankruptcy law, however, the transfer of the debtor's wages is deemed complete when the debtor becomes entitled to his wages.

The debtors have amended their petition to claim the garnished wages as exempt property. Under T.C.A. 26–2–102 personal property to the aggregate amount of $4,000.00 may be claimed as exempt. Debtors' exemptions are within the permissible amount and will be allowed.

The transfer occurred within 90 days and may be avoided by the debtors.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.