**In re Bruce Kenneth FAGAN, Sandra Kay Fagan, Debtors.**

**Bankruptcy No. 3–81–02176(B).**

United States Bankruptcy Court, W.D. Kentucky.

Aug. 17, 1982.

Fred R. Simon, Louisville, Ky., for creditor, John B. Southard, Jr.

Eric M. Lamb, Louisville, Ky., for debtors.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This bankruptcy case comes before the Court on motion of the debtors, by counsel, to compel the return of the sum of $221.91 from John B. Southard, Jr., a creditor, appropriated by way of garnishment as constituting a voidable preference within the meaning of § 547 of the Bankruptcy Code, 11 U.S.C. § 547.

The facts as they pertain to the issue before the Court are undisputed and may be briefly recited as follows:

On or about July 15, 1981, the creditor was awarded a judgment against the debtor herein in the amount of $201.64, plus interest and court costs. Subsequently, the creditor instituted garnishment proceedings pursuant to this judgment, and the Jefferson District Court issued an Order of Garnishment against Lakeshore, Inc., as garnishee-employer of the debtor, on July 28, 1981. Said order of garnishment was served on the garnishee on July 29, 1981.

The Order of Garnishment recites in part:
"(1) This order creates a lien on all nonexempt earnings of the Defendant earned during the pay period on which this order is served. In addition, if the Defendant's pay period is weekly, then this order creates a lien on all nonexempt earnings during the Defendant's next succeeding pay period. . . . "

On the reverse side the garnishee noted that the pay period in which the Order was served began July 27, 1981, and ended August 9, 1981.

Thereafter, on August 16, 1981, the garnishee tendered the total sum of $221.91 directly to the creditor, said sum representing total satisfaction of the judgment, interest thereon and court costs. Subsequently, on August 20, 1981, the debtor and his spouse filed a joint petition pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. Pursuant to that petition, the debtor failed to claim as exempt the wage garnishment in issue, but filed an amendment dated December 28, 1981, which added the exemption as qualified under KRS 427.010. A motion for turnover of the garnished funds was filed by the debtor on December 28, 1981, and on December 30, 1981, an order was signed approving the trustee's petition to abandon the exempt property. Subsequently, on March 15, 1982, an amendment was filed correcting the schedules to claim the exemption pursuant to KRS 427.-160.

A discharge hearing was held on December 17, 1981, and an Order of Discharge for these debtors was entered on January 5, 1982.

Previously, this Court has found that matters relating to the avoidance of liens under 11 U.S.C. § 522(f), as well as actions pursuant to subsections (g) and (h) of § 522, may be accomplished by way of motion rather than the filing of a formal complaint. *In Re Schrimp,* 17 B.R. 36 (Bkrtcy., W.D.Ky.1981); and *In Re Schweitzer,* 17 B.R. 39 (Bkrtcy., W.D.Ky.1981), aff'd, 16 B.R. 476 (D.C.W.D.Ky.1981).

"A claim for an exemption should be made in the schedules that the debtor must file pursuant to Rule 108. An initial failure of the debtor to claim the exemption may be corrected by a seasonable amendment." 3 *Collier on Bankruptcy,* ¶ 522.26 (15th Ed. 1979).

Rule 110, R.B.P., allows a petition, schedule or statement of affairs to be amended at any time prior to the closing of the case subject to an objection by a party adversely affected. As *Collier* states:

"The amendment should be seasonably made, while the property is still being administered by the trustee, unaffected by adverse rights." 3 *Collier,* ¶ 522.26 (15th Ed. 1979).

While *Collier* does not define what is "seasonable" in relation to the amendment of claims of exemptions, existing case law favors a liberal allowance of amendments. See *In Re Maxwell,* 2 C.B.C.2d 1000, 1002, 5 B.R. 58 (Bkrtcy.N.D.Ga.1980), and cases cited therein.

In the instant case the claim of the wage garnishment as exempt arose at the discharge hearing and was subsequently filed. The later amendment correcting the statutory entitlement was a mere correction to the earlier claim, and it is the finding of this Court that the exemption here is properly claimed.

Having disposed of preliminary matters, the issue now before the Court involves the determination of the wage garnishment as a voidable preference pursuant to § 547 of the Bankruptcy Code.

Section 522(g) of the Bankruptcy Code, 11 U.S.C. § 522(g), states in pertinent part:

" . . . the debtor may exempt. . . property that the trustee recovers . . . to the extent that the debtor could have exempted such property . . . if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property . . . ."

Section 547 of the Bankruptcy Code, 11 U.S.C. § 547, states in part:

"(b) . . . the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(a) on or within 90 days before the date of the filing of the petition. . .

(5) that enables such creditor to receive more than such creditor would receive if—

. . . (B) the transfer had not been made. . . . "

■ If the trustee does not pursue an avoiding power to recover a transfer of property that would be exempt, the debtor may pursue it and exempt the property, if the transfer was involuntary and the debtor did not conceal the property. This right of action is given to the debtor by virtue of subsection (h) of 11 U.S.C. § 522, which provides:

"(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section. . . 27 547. . . of this title. . . and

(2) the trustee does not attempt to avoid such transfer."

Section 547(e)(3) of the Bankruptcy Code provides that "a transfer is not made until the debtor has acquired rights in the property transferred." 11 U.S.C. § 547(e)(3). Likewise, Section 101(40) of the Code defines transfer to mean " . . . every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property. . . . " 11 U.S.C. § 101(40).

KRS 425.506 provides in pertinent part: "(1) An order of garnishment of earnings. . . shall create a lien on all non-exempt earnings earned during the pay period in which the order is served on the employer. . .

(2) Orders of attachment or garnishment of earnings shall have priority according to the date of service on the employer. . . ."

"A writ of garnishment may well be a duly perfected lien on wages yet to be earned such that a creditor on a simple contract cannot acquire a judicial lien that is superior to the rights of the judgment creditor. Cf. 11 U.S.C. § 547(e)(1)(B)... Nonetheless, the avoidance powers under § 522(h) extend to the avoidance of transfers rather than perfection of liens. Inasmuch as § 547(e)(3) establishes that a transfer does not occur until the debtor has rights in the collateral, the transfer of wages garnished pursuant to a writ of garnishment cannot occur until the judgment debtor has earned the wages garnished. Thus, a payment on the garnishment attributable to wages earned by the debtor within ninety days of the filing of a bankruptcy petition is a preferential transfer to a judgment creditor." *In Re Cox,* 7 B.C.D. 733, 735, 10 B.R. 268, 4 C.B.C.2d 456 (Bkrtcy.D. Md.1981); see also *In Re Brengle,* 10 B.R. 360, 361 (Bkrtcy.D.De.1981); *In Re Mayo,* 19 B.R. 630, 8 B.C.D. 791, 6 C.B.C.2d 391 (Bkrtcy.E.D.Va.1981).

Within the Bankruptcy Code, a transfer occurs when the garnishment lien of the debtor's judgment creditor is created. Under Kentucky law the service of the summons upon the garnishee creates the garnishment lien.

In the instant case, the garnishment summons was served upon the garnishee on July 29, 1981, during the ninety (90) days preceding the filing of the petition, and the wages from which the funds were withheld were earned during the pay period dating July 27, 1981, through August 9, 1981. Thus, the wages of the debtor which were earned and subjected to the garnishment process within ninety (90) days of the date of filing of the petition on August 20, 1981, were preferentially transferred. It is evident from the facts that the garnishment meets all the criteria of a § 547 preference, and since the trustee did not act to avoid the transfer under § 547, the debtor could properly bring such an action under § 522(h). See *In Re Emery,* 13 B.R. 689, 690 (Bkrtcy.D.Vt.1981).

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, R.B.P.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the creditor, John B. Southard, Jr., be and is directed to turn over to the debtor the sum of $221.91 which constitutes a preferential transfer pursuant to 11 U.S.C. § 547. This is a final order.