Alexandros **KARAGIANIS** and Louise Karagianis

v.

**G.F.C. CONSUMER DISCOUNT COMPANY.**

Civ. A. No. 83–2570.

United States District Court, E.D. Pennsylvania.

Oct. 7, 1983.

Anthony B. Quinn, Philadelphia, Pa., for appellant debtors.

Roy W. Feinstein, Trevose, Pa., for appellee.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is an appeal of an order of the bankruptcy court, 29 B.R. 35, dismissing the appellant debtors' complaint to avoid the transfer of an interest in real estate of the debtors. For the reasons set forth below, the appeal is dismissed.

### I. *Facts*

The property in issue is located at 2807 North Mascher Street in the City of Philadelphia. On December 27, 1976, James Kates, owner of the property, and his wife, Betty Kates, executed and delivered a mortgage upon the property to appellee, G.F.C. Consumer Discount Company ("G.F.C."). The mortgage was recorded in Philadelphia on January 19, 1977. The parties have stipulated that on September 7, 1978, James Kates sold the premises to appellants, Alexandros Karagianis and Louise Karagianis ("Karagianis"), which sale was duly recorded. Although the purchasers did not assume the obligations of the mortgage, the mortgage remained on the property as a recorded lien in favor of the mortgagor. The mortgage subsequently came into default at which time G.F.C. obtained a judgment against the Kates in the amount of $4,139.70. On December 28, 1981, the sheriff of Philadelphia conducted a sheriff's sale at which time he executed a deed conveying the foreclosed property to G.F.C.

On March 8, 1982, the Karagianis filed a voluntary petition in bankruptcy. During the bankruptcy proceedings, they, as debtors, filed a complaint seeking to avoid the transfer of the premises to G.F.C. In the complaint, they characterized the transfer of the property to G.F.C. as ". . . a judicial lien on [their] interest . . . in their residence . . . which is voidable in its entirety under 11 U.S.C. § 522(h) as a judicial lien which debtors would have been able to claim as exempt . . . under 11 U.S.C. § 522(b) and § 522(d)." In an order, now before this Court on appeal, the bankruptcy judge ordered the complaint dismissed holding that the Karagianis lacked any interest in the property at the time they filed their bankruptcy petition (Record on Appeal, tab 8). The bankruptcy judge reasoned that since the sheriff's sale terminated any interest they may have had in the property, the Karagianis were unable to claim the property as an exempt property in their estate. This appeal followed.

While this Court agrees that the Karagianis are unable to avoid the transfer of the property to G.F.C., it does so for a reason different than the one set forth in the bankruptcy court's decision.

### II. *Discussion*

The Karagianis allege that they are entitled to avoid the transfer of the premises under the 1978 Bankruptcy Reform Act, 11 U.S.C. § 522(h). That section provides:

(h) The debtor may avoid a transfer of property of the debtor or recover a set off to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

In essence, § 522(h) permits a debtor to avoid a transfer of his property, to a limited extent, if the transfer could have been avoided, but wasn't, by the trustee under one of the sections mentioned in § 522(h)(1). Once it has been determined that the trustee could have avoided the transfer under one of the applicable sections, the debtor may then avoid the transfer but only to the extent he could have exempted such property under § 522(g)(1) had the trustee actually avoided the transfer.

The beginning inquiry, therefore, is whether the trustee could have avoided the transfer of the premises under one of the sections set forth in § 522(h)(1). Addressing this threshold issue, the Karagianis contend that under this standard they are able to avoid the transfer under § 547(b) (appellants' brief at 10). In pertinent part, § 547 provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent:

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

In view of the facts surrounding the transfer, reliance on § 547(b) is unwarranted. That section allows a trustee to bring back into the bankrupt's estate certain properties which the debtor has transferred to creditors on account of an antecedent debt *owed by the debtor* (emphasis added) before the transfer was made. In order to benefit from § 547(b), the Karagianis would have to show that the property was transferred to, or for the benefit of, a creditor on account of a debt they owed prior to the transfer.[1] The Karagianis allege that the property was transferred to a creditor, G.F.C., on account of the mortgage, which the Karagianis claim was a debt owed by them prior to the transfer.

Despite the Karagianis' allegations, they have failed to prove that G.F.C., to whom the property was transferred, was a creditor within the meaning of § 547(b)(1). They have also failed to prove that the transfer was on account of an antecedent debt. Under Pennsylvania law, a grantee of real estate will not be personally liable for a mortgage which encumbers the property unless the grantee expressly agrees, in writing, to assume the liability or unless there are express words in the deed of conveyance stating that the grant is made on the condition of the grantee assuming such liability. PA.STAT.ANN. tit. 21, § 655 (Purdon 1955). There being no evidence that the Karagianis expressly agreed, in writing, to assume the mortgage taken out by Kates or that the necessary words of assumption were in the deed delivered to the Karagianis from James Kates, the Court finds that appellants were not personally liable to G.F.C. on the mortgage. There being no evidence that they were liable to G.F.C. on some other debt prior to the transfer being made, the Karagianis have failed to show that the transfer benefited a creditor, as defined at 11 U.S.C.

---

1. In addition to satisfying the requirements of § 547(b)(1) and (2), appellants would also have to show that they meet the requirements of

§ 547(b)(3)–(5). Due to the disposition on the first two requirements, the latter need not be addressed.

§ 101(9) (1978),[2] and that the transfer was on account of a debt owed by them prior to the transfer being made. Accordingly, their reliance on § 547(b) as a means to avoid the transfer is not well founded and there is no need to address the other requirements they would have to satisfy in order to qualify for an exemption of property under § 522(h).

An appropriate Order will be entered.

**2.** 11 U.S.C. § 101(9) provides:
   "creditor" means—
   (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;
   (B) entity that has a claim against the estate of a kind specified in section 502(f), 502(g), 502(h) or 502(i) of this title; or
   (C) entity that has a community claim.