In the Matter of Thomas L. PILGREEN, Jr., Debtor.

Thomas L. PILGREEN, Jr., Plaintiff,

v.

BROWN & WILLIAMSON FEDERAL CREDIT UNION and Brown & Williamson Tobacco Co., Defendants.

Bankruptcy No. 89–51360.
Adv. No. 89–5052.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Oct. 13, 1989.

P. Craig Davis, Macon, GA, for Thomas L. Pilgreen, Jr.

Arthur L. Phillips, Macon, GA, for Brown and Williamson Federal Credit Union.

C. Joseph Greene, Louisville, KY, for Brown & Williamson Tobacco Co.

Kristin Smith, Deputy Trustee, Macon, GA, for Chapter 13 Trustee.

### MEMORANDUM OPINION ON COMPLAINT TO SET ASIDE TRANSFER

ROBERT F. HERSHNER, JR., Chief Judge.

#### STATEMENT OF THE CASE

Mr. Thomas L. Pilgreen, Jr., Debtor, Plaintiff, filed a petition under Chapter 13 of the Bankruptcy Code on May 31, 1989. On July 21, 1989, Plaintiff filed a complaint asking the Court to set aside the transfer of Plaintiff's separation pay by Brown & Williamson Federal Credit Union (Brown & Wil-

liamson Credit), Defendant. Plaintiff contends that his former employer, Brown & Williamson Tobacco Company (Brown & Williamson), Defendant, assisted in the transfer. Plaintiff contends this transfer was a preference pursuant to section 547 of the Bankruptcy Code. Defendants filed their response on August 4, 1989. A pretrial conference was held on September 1, 1989. At the pretrial conference, counsel advised the Court that the adversary proceeding turned on a legal issue that could be submitted on stipulations. The stipulations have been filed. Counsel have briefed the legal issues. The Court now publishes its decision.

### FINDINGS OF FACT

Plaintiff was an employee of Brown & Williamson. On January 15, 1988, Plaintiff executed an unsecured promissory note in favor of Brown & Williamson Credit. Plaintiff scheduled this debt in his bankruptcy schedules as unsecured, with a balance owed of $6,927.84. Also on January 15, 1988, Plaintiff executed a promissory note and security agreement in favor of Brown & Williamson Credit. Plaintiff scheduled this debt in his bankruptcy schedules as secured, with a balance owed of $970.31. On July 27, 1988, Plaintiff executed a promissory note and security agreement in favor of Brown & Williamson Credit. Plaintiff scheduled this debt in his bankruptcy schedules as secured, with a balance owed of $16,447.30.

Plaintiff also scheduled as unsecured a debt of $3,548.72 on a guaranteed American Express card account. Plaintiff's schedule shows that the account balance was paid to American Express by "Brown and Williamson." Plaintiff's schedules, however, show "Brown & Williamson CU" as the creditor for this debt.

Plaintiff's employment with Brown & Williamson was terminated on or about May 5, 1989. Plaintiff was entitled to receive approximately $16,000 separation pay from Brown & Williamson. On or about May 18, 1989, Brown & Williamson Credit notified Plaintiff that $12,379.94 from his final paycheck had been assigned to debts owed to

Brown & Williamson and Brown & Williamson Credit.

Plaintiff filed his petition on May 31, 1989. Plaintiff filed a complaint on July 21, 1989, seeking to set aside the transfer of funds to Brown & Williamson Credit.

Trustee has not attempted to avoid the transfers as preferences. Trustee does, however, object to confirmation, contending Plaintiff's plan is proposed in bad faith.

### CONCLUSIONS OF LAW

Plaintiff contends that the transfers were preferences under section 547(b) of the Bankruptcy Code.[1] The first issue is whether Plaintiff is the proper party to bring this preference action. Section 547(b) states "the trustee may avoid" a preferential transfer by proving the requisite elements. The court in *Mast v. Borgess Medical Center (In re Mast)*[2] stated:

> The Court has carefully reviewed all provisions contained in Chapter 13 and there does not exist any statutory authority for a Chapter 13 debtor to utilize avoidance powers granted to the trustee, including those powers listed in Sections 544, 545, 547 and 548 of the Bankruptcy Code. If Congress intended to grant avoidance powers to a Chapter 13 debtor, it could have explicitly done so.
>
> . . . .
>
> The Court therefore concludes, as a matter of law, that a Chapter 13 Debtor has no independent standing to exercise the Trustee's power to avoid a preferential transfer under Section 547 of the Bankruptcy Code.

79 B.R. at 982. *See also* 4 *Collier on Bankruptcy* ¶ 547.21[3] (15th ed. 1989) (A debtor who is not a debtor in possession cannot maintain an action to set aside his own transfer as preferential under section 547); *Temex Energy, Inc. v. Hastie and Kirschner (In re Amarex, Inc.)*, 96 B.R. 330, 333 (D.C.W.D.Okla.1989) (The right to bring a preference action belongs to a debtor in pos-

---

1. 11 U.S.C.A. § 547(b) (West 1979 & Supp.1989).

2. 79 B.R. 981 (Bankr.W.D.Mich.1987).

session, trustee, or representative of the estate rather than to a debtor).

■ This Court is persuaded that a Chapter 13 debtor lacks the standing to bring a preference action which arises only under section 547 of the Bankruptcy Code. A debtor may, however, seek to set aside a preferential transfer under section 522(h) of the Bankruptcy Code.[3]

Section 522(h) provides:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

Section 522(g)(1) of the Bankruptcy Code[4] provides:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

■ In essence, sections 522(h) and (g)(1) permits a debtor to avoid a preference if:

(1) the trustee could have avoided the transfer under section 547;

(2) the trustee does not attempt to avoid the transfer;

(3) the transfer was involuntary;

(4) the debtor did not conceal the property; and

(5) the debtor could have exempted such property had the trustee actually avoided the transfer.

See *Karagianis v. G.F.C. Consumer Discount Co.,* 34 B.R. 108, 109 (D.C.E.D.Pa. 1983); *In re Tash,* 80 B.R. 304, 305 (Bankr. D.N.J.1987); *In re Schweitzer,* 17 B.R. 39, 40 (Bankr.W.D.Ky.), *aff'd* 16 B.R. 476 (D.C.W.D.Ky.1981).

Trustee has not attempted to avoid the transfers. Plaintiff must show that the withholding of his separation pay was an involuntary transfer of property. The Bankruptcy Code does not define when a transfer is involuntary. The legislative history of section 522(g) indicates that Congress intended to only allow the debtor to recover those transfers which were beyond the debtor's personal control. *Huebner v. Trapp (In re Huebner),* 18 B.R. 193, 195 (Bankr. W.D.Wisc.1982). Most decisions under section 522(g) have found involuntary transfers only where the debtor had no control over the transfer. *In re Green,* Ch. 7 Case No. 84–30034 (Bankr.M.D.Ga. Dec. 6, 1984). *See Cox v. General Electric Credit Corp. (In re Cox),* 10 B.R. 268 (Bankr.D.Md.1981) (garnishment by judgment creditor); *Reaves v. Sunset Branch, National Bank (In re Reaves),* 8 B.R. 177 (Bankr.D.S.D.1981) (debtor coerced into granting mortgage); *In re Saberman,* 3 B.R. 316 (Bankr.N.D.Ill.1980) (fixing of statutory mechanics lien).

The three promissory notes that Plaintiff executed in favor of Brown & Williamson Credit contain the following language:

### WITHHOLDING AUTHORIZATION

I hereby authorize my employer to withhold from me sufficient funds, pursuant to the terms, conditions, and provisions of this Note, to satisfy my obligation to the B

---

**3.** 11 U.S.C.A. § 522(h) (West Supp.1989). Although Plaintiff has not specifically sought relief under § 522(h), the Court will apply a liberal interpretation of Plaintiff's complaint, consistent with Rule 8(f) of the Federal Rules of Civil Procedure, to conclude that he also essentially seeks relief under that statutory section. *Johnson v. Ford Motor Credit Co. (In re Johnson),* 53 B.R. 919, 921 (Bankr.N.D.Ill.1985).

**4.** 11 U.S.C.A. § 522(g)(1) (West 1979).

& W Federal Credit Union, and to remit any amounts so withheld to the B & W Federal Credit Union. I hereby consent that B & W Federal Credit Union may automatically and without notice increase the payroll deduction in the future to cover any delinquency incurred for any reason. Furthermore, I hereby certify that prior to or as part of the consummation of the above loan, a copy of this instrument was furnished to me.

The back of the promissory notes contains the following language:[5]

In case of default I hereby assign to you all wages, salaries, supplemental and employment benefit compensation from my employer, any and all other funds that may be due from my employer, and you are hereby appointed attorney in fact to collect any and all such amounts and apply them to the indebtedness herein, whether or not you accelerate. Provided, however, that to the extent that these monies represent compensation paid or payable to me for personal services rendered, then this assignment is revocable at will by me by written revocation to B & W Federal Credit Union, 1500 Brown & Williamson Tower, Louisville, Kentucky 40232, by the date when said compensation or other monies are due and payable to me.

In *In re Shepherd*,[6] the court noted that a prebankruptcy authorization of payroll deductions to an employee credit union was a voluntary act by the debtor.[7]

■■■ In the case at bar, Plaintiff voluntarily authorized and consented for Brown & Williamson to withhold funds to satisfy his obligations to Brown & Williamson Credit. Plaintiff has not shown that he was coerced or unduly pressured into consenting to the provisions. Plaintiff has not shown any acts of fraud or deceit. The Court is persuaded that Plaintiff voluntarily executed the prom-

issory notes which contain the withholding provisions. Plaintiff may not have read the terms of the promissory notes before he signed them. Financial institutions, however, are not required to issue "Miranda type" admonitions. *Echoles v. Transamerica Financial Services (In re Echoles)*, 21 B.R. 280, 281 (Bankr.D.Ariz.1982). The Court is persuaded that the transfers in question resulted from Plaintiff's voluntary actions, and that the transfers were not involuntary as the term is used in the Bankruptcy Code. Thus, the "involuntary transfer" provision of section 522(g)(1)(A) has not been met.

Even if the transfers were involuntary, Plaintiff's recovery would be limited to the extent that he could have exempted the separation pay under section 522(b).[8] The Court is aware that some courts hold that Chapter 13 debtors are not entitled to exemptions because of these debtors' unique entitlement to property of the estate. Those courts reason that Chapter 13 debtors have no exemptions to be impaired. *See Berry v. Pattison (In re Berry)*, 30 B.R. 36, 38 (Bankr. E.D.Mich.1983); *Aycock v. Heritage Bank (In re Aycock)*, 15 B.R. 728, 730 (Bankr. E.D.N.C.1981).

■■■ This Court, however, believes that a Chapter 13 debtor is entitled to claim exemptions and can recover avoidable transfers of exempt property under section 522(h). *See Finance One v. Bland (In re Bland)*, 793 F.2d 1172 (11th Cir. *en banc* 1986) (Chapter 13 debtors can avoid a nonpossessory, non-purchase-money security interest under section 522(f) to the extent the lien impairs an exemption). *See also In re Tash*, 80 B.R. at 305–306 (Chapter 13 debtor can avoid judicial lien to extent it impairs exemption); *Federal National Mortgage Association v. Wheeler (In re Wheeler)*, 34 B.R. 818, 820–21 (Bankr. N.D.Ala.1983) (Chapter 13 debtor can avoid transfer under section 522(h) to extent debt-

---

5. The promissory note executed on July 27, 1988, contains essentially the same language as that reported in this opinion.

6. 12 B.R. 151, 154 (D.C.E.D.Pa.1981).

7. *Id.* at 154.

8. 11 U.S.C.A. § 522(b) (West 1979 & Supp.1989). The Court notes that Georgia has opted out of the

federal exemption system. Debtor, therefore, must look to Georgia law for his exemptions. *See* 11 U.S.C.A. § 522(b)(1) (West 1979 & Supp. 1989); *Hall v. Finance One of Georgia, Inc. (In re Hall)*, 752 F.2d 582, 585 (11th Cir.1985) (Debtors who file for bankruptcy in Georgia may claim only those exemptions allowed by state law.).

or could have exempted the property transferred); *Tackett v. Dixon (In re Tackett)*, 21 B.R. 107, 108 (Bankr.D.N.M.1982) (Chapter 13 debtor can avoid transfer under section 522(h)(1) and (g)(1)).

■ The Court has reviewed Plaintiff's schedules and notes that Plaintiff may not have used all of his "wild card" exemption.[9] The burden of proving that property of a debtor is exempt, however, rests upon the party asserting the exemption. *Cf. Herzing v. Commercial State Bank (In re Dederick)*, 91 F.2d 646, 650 (10th Cir.1937); *In re Law*, Ch. 7 Case No. 81–30029 (Bankr.M.D.Ga. Sept. 25, 1981). Plaintiff has not shown that he could have exempted any part of his separation pay. The Court is persuaded that Plaintiff has not carried his burden.

The Court, having determined that Plaintiff has failed to demonstrate his entitlement to bring this adversary proceeding under section 522(g)(1) of the Bankruptcy Code, need not reach the question of whether Trustee could have avoided the transfers.

An order in accordance with this memorandum opinion will be entered this date.

---

**9.** *See* O.C.G.A. § 44–13–100(a)(6) (Supp.1989).