35 N.J. Super. 157 (1955)
113 A.2d 524
MARGARET LITTLE, PLAINTIFF-RESPONDENT,
v.
LAWRENCE L. LITTLE, DEFENDANT. E.F. DREW AND COMPANY, INCORPORATED, EMPLOYER-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 1955.
Decided April 22, 1955.
*159 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. David Young, 3rd, argued the cause for the employer-appellant (Messrs. Young & Sears, attorneys; Mr. Harry L. Sears, of counsel).
Mr. J. Mortimer Rubenstein argued the cause for the plaintiff-respondent (Messrs. Saltzman, Rubenstein & Kosoff, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
In July 1953 the plaintiff Margaret Little obtained in New Jersey a divorce from the defendant Lawrence L. Little. The judgment provided that the defendant pay to the plaintiff $60 per week alimony and $70 per week for the support of their two infant children. Subsequently, these amounts were reduced to $35 per week alimony and $40 per week for the children.
The defendant, who had been employed by E.F. Drew & Co., Inc., a New York corporation, authorized to do business in the State of New Jersey, removed all his property and took up residence outside the State. The alimony and support payments he had been ordered to make fell into arrears.
*160 On June 14, 1954 an order was entered establishing the amount of arrearages as $994.86. On August 23, 1954 the plaintiff obtained an order to show cause, directed to the defendant and his employer, restraining the employer from paying to the defendant any moneys due or to become due to him. Following the return of the order to show cause, an order was entered on November 12, 1954, 34 N.J. Super. 111, establishing arrearages due to the plaintiff from the defendant as of August 19, 1954, in the sum of $1,494.86, and directing that the employer pay to the plaintiff the sum of $1,200 on account of such arrearages, withhold from the defendant and pay to the plaintiff $100 per month on account of the balance of the arrearages, and further to deduct from moneys becoming due to the defendant and pay to the plaintiff $75 per week. At that time, the employer had on hand $1,537.06 due to the defendant, but withheld from him, pursuant to the restraint embodied in the order to show cause. The employer now appeals from the order of November 12, 1954.
The appellant argues that the trial court was without jurisdiction since the defendant was a non-resident, and his salary was earned and paid outside the State, by a foreign corporation authorized to do business in New Jersey.
In the original matrimonial action, jurisdiction over the defendant Little was acquired by personal service within the State. He, later, applied in our courts for modification of the alimony and support order. Jurisdiction having been acquired, it continues for the enforcement of the court's order. His employer, E.F. Drew & Co., Inc., argues that merely being authorized to do business in this State is not sufficient to give its courts jurisdiction for the purpose of executing against the defendant's salary. The case of Mechanics Finance Co. v. Austin, 8 N.J. 577 (1952), refutes the appellant's argument, as it was there held that 
"Although the employer here is not a citizen of or domiciled in New Jersey, there is residency in the State sufficient to subject it to the statutory process thus invoked. It is subject to the State's judicial *161 power. A foreign corporation is amenable to the jurisdiction of the New Jersey courts in garnishment if it could itself be sued by its creditor in this State."
The appellant further argues that the sole statutory authority relied upon by the respondent, N.J.S. 2A:34-23, is not applicable. The statute provides that the court may enforce its orders for alimony and support moneys by issuing "process for the immediate sequestration of the personal estate, and the rents and profits of the real estate" of the defaulting party. The order entered on August 23, 1954 was merely an order to show cause with a restraint, so that the status quo might be maintained until the return day of the order. The proofs disclose that as of that date there was no "property" of the defendant in the possession of his employer, so that any order for sequestration of his property as of that date would be of no avail. As of the date of the final order entered on November 12, 1954, the employer had in its possession funds due to the defendant, but by the very terms of the order to show cause on the return of which the final order was entered, i.e., "moneys due and to become due," the order of November 12, 1954 must fall, for on August 12, 1954 there was no "property" of the defendant in the hands of his employer and future wages cannot be levied upon by sequestration. Wages to be earned in futuro do not constitute property subject to the provisions of N.J.S. 2A:34-23.
Nor was the order predicated upon a proceeding in garnishment under N.J.S. 2A:17-50 et seq. Assuming it had been, it did not provide the percentage of defendant's wages to be withheld, nor did it authorize the issuance of a wage execution. The order under attack is not an execution against wages, nor did it provide for the issuance of a writ of attachment under N.J.S. 2A:17-58. Further, execution did not issue under N.J.S. 2A:16-18, which provides for the enforcement of order for the payment of money in the Chancery Division of the Superior Court.
The rules of court provide for process to enforce a judgment or order for the payment of money by execution, R.R. *162 4:74-1 et seq. However, it excludes orders for payment of alimony or maintenance awarded in a matrimonial action. R.R. 4:98-9 provides the manner in which alimony and support payments are to be made and enforced, but none of the remedies available for non-compliance was followed in this proceeding. Indeed, none was feasible. All of the property of the defendant having been removed from New Jersey, the remedies of security, sequestration, execution or lien on property were not available, and he being a non-resident, the remedy of applying to hold him in contempt would not have been of any avail.
We have heretofore disposed of the endeavor to sequester the funds due to the defendant in the hands of the appellant on the ground that there was no present property due him. As to funds to become due, the order under attack is null and void, not only for lack of execution, but since the defendant has left the employ of the appellant, the question has become academic.
We wish to comment that the respondent's brief was filed out of time, R.R. 1:7-12, and without application having been made for any extension of time, R.R. 1:7-13. Accordingly, it might have been suppressed or sanctions imposed. However, we decided to do neither, but this consideration is not to be taken as a condonation of future non-compliance with the rules.
The order of November 12, 1954 is in all respects set aside.