PER CURIAM.
These cases present the issue of whether the garnishment of a debtor’s wages within ninety days of when the debtor filed a petition in bankruptcy, pursuant to a garnishment order issued more than ninety days before filing of the petition, constitutes a preferential transfer avoidable by the trustee. We agree with the bankruptcy judge that, under Indiana law, it is not and affirm the judgment below.
I.
The factual circumstances of the two cases before us do not differ significantly. In each case, an Indiana court issued a garnishment order against the debtor’s wages more than ninety days prior to the debtor’s filing of a chapter 7 petition in bankruptcy and the debtor’s wages were garnished within the ninety-day period. Following the debtors’ discharges, the trustee commenced the instant actions to recover the wages garnished as preferential transfers. See 11 U.S.C. § 547 (1982). The bankruptcy judge held that the garnished wages did not constitute preferences. The trustee appealed, both parties agreeing to appeal directly to this court. See 28 U.S.C. § 1293(b) (Supp. IV 1980); Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, § 405(c)(2), 92 Stat. 2685; In re UNR Industries, Inc., 725 F.2d 1111, 1114-1115 (7th Cir.1984).
II.
Many courts have confronted the factual situation before us here, but there is no consensus as to whether the garnishment in this situation constitutes a preferential transfer.[1] The different results are often, though not always, attributable to varying state law because state law governs in determining when a transfer of the debtor’s property has occurred. See cases cited supra note 1; 4 Collier on Bankruptcy ¶ 547.46 (15th ed.).
In Indiana, the garnishee is accountable, from the day the garnishment summons is served, to the plaintiff for any money he owes to the judgment debtor. Ind.Code § 34-1-11-21 (1976). Following a hearing, a court may order, as apparently happened here, that the judgment be a continuing lien on the future income of the debtor, i.e. continuous garnishment. Ind.Code § 34-1-44-7 (1976). At the time of the garnishments at issue here, this continuing lien could not exceed 10% of the debtors’ income. Id. In this respect, the Indiana statutes were similar to the New York statutes involved in In re Riddervold, 647 F.2d 342 (2d Cir.1981), in that the statutes, in effect, worked a novation of 10% of the debtor’s salary. Following court orders that the liens on these debtors’ future income be continuous, the debtors no longer had a property interest in 10% of their future *953 salaries. See In re Woodman, 8 Bankr. 686, 688 (Bkrtcy.W.D.Wis.1981). Rather, the employers owed that portion of their salaries directly to the garnishment plaintiffs and were liable to the plaintiffs for those amounts if the wages were not withheld pursuant to the court orders. True, the employers were not liable until the wages were actually earned, but once the court orders were entered the debtors were no longer legally entitled to 10% of their future salaries. Because the court orders legally transferred 10% of the debtors’ wages to the garnishment plaintiffs, there were no transfers at the time of the actual garnishments in question. The Bankruptcy Judge ruled correctly that because no transfer of the debtors’ property occurred within ninety days of the filing of the petition, there was no avoidable preference in either of the cases before us.
The debtors argue that § 547(e)(3)[2] requires a different result. We disagree. This section was enacted to overrule this court’s decision in Grain Merchants of Indiana, Inc. v. Union Bank and Savings Co., 408 F.2d 209 (7th Cir.1969). Sen.Rep. No. 95-989, 95th Cong., 2d Sess. 89 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5875; H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 374 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6330. In Grain Merchants, this court held that rights acquired in accounts receivable within the preference period were not a preference when the bank’s security interest in after-acquired accounts receivable was perfected more than four months prior to filing of the bankruptcy petition. Although there are factual similarities between Grain Merchants and the cases before us, the analogy is not perfect. The most important distinction is that under Indiana law, the debtors retained no interest in 10% of their future wages following the entry of the garnishment orders. In contrast, the filing of financing statements in Grain Merchants did not transfer ownership of the debtor’s future accounts receivable; that debtor would acquire some rights in the future accounts receivable when the accounts receivable came into existence. Section 547(e)(3) does not come into play in this case simply because after a garnishment order providing for a continuing lien is entered in Indiana, a debtor will never acquire rights in the portion of his or her wages to be garnished in the future. Once a garnishment order has been entered by a court, the debtor’s rights in 10% of his or her future wages are irrevocably transferred to the garnishment plaintiff.
Accordingly, we affirm the order of the bankruptcy judge.

. See, e.g., In re Riddervold, 647 F.2d 342 (2d Cir.1981) (applying New York law); In re Certain, 30 B.R. 379 (Bkrtcy.D.Conn.1983); In re Yamamoto, 21 B.R. 58 (Bkrtcy.D.Haw.1982); In re TMIC Industrial Cleaning Co., 19 B.R. 397 (Bkrtcy.W.D.Mo.1982); In re Brinker, 12 B.R. 936 (Bkrtcy.D.Minn.1981); In re Woodman, 8 B.R. 686 (Bkrtcy.W.D.Wis.1981) (no preference). Contra In re Stoddard, 23 B.R. 226 (Bkrtcy.S.D.N.Y.1982) (applying Virginia law); In re Larson, 21 B.R. 264 (Bkrtcy.D.Utah 1982); In re Walden, 19 B.R. 901 (Bkrtcy.E.D.Tenn.1982); In re Mayo, 19 B.R. 630 (E.D.Va.1981); In re Eggleston, 19 B.R. 280 (Bkrtcy.M.D.Tenn. 1982); In re Evans, 16 B.R. 731 (Bkrtcy.N.D. Ga.1982); In re Emery, 13 B.R. 689 (Bkrtcy.D.Vt.1981); In re Brengle, 10 B.R. 360 (Bkrtcy.D. Del.1981); In re Cox, 10 B.R. 268 (Bkrtcy.D. Md.1981) (preference).

. 11 U.S.C. § 547(e)(3) (1982) states: “For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.”