**In re Lewis H. FRIZZELL, Debtor.**

**Bankruptcy No. IP88–5126 V.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Jan. 3, 1989.

Mark S. Gray, Indianapolis, Ind., for Barclays.

Malcolm S. Gwinn, Hyatt Legal Services, Indianapolis, Ind., for debtor.

John J. Petr, Kroger, Gardis & Regas, Indianapolis, Ind.

Kevin B. McCarthy, Indianapolis, Ind., U.S. Trustee.

## ORDER DENYING MOTION FOR TURNOVER

RICHARD W. VANDIVIER,
Bankruptcy Judge.

This matter comes before the Court of the Motion for Turnover filed by the Debtor on October 17, 1988. A hearing was held on November 21, 1988. The Court denies the motion for the reasons below.

1. On August 12, 1988, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. In his motion for turnover, the Debtor states that on that date, counsel for the Debtor filed notice with the Marion County Small Claims Court, Decatur Township Division, ("the small claims court") requesting that the small claims court cease garnishing the Debtor's wages in a proceeding entitled Barclays American Financial Services v. Lewis H. Frizzell, DE87–52–630. The Debtor contends that on or about August 12, 1988, the small claims court received sums from the Debtor's employer pursuant to the wage garnishment order and that on the same day the small claims court forwarded the sums to Barclays American Financial Services ("Barclays"). The Debtor seeks an order requiring Barclays to return to the Debtor $171.39, which was garnished and received by Barclays postpetition.

2. In its Memorandum in Opposition to Motion for Turnover, Barclays states that the wage deductions under the garnishment order began more than 90 days prepetition and that the $171.39 which the Debtor seeks represents deductions on wages that were earned prepetition. Barclays contends that under state law, the Debtor had no interest in the percent of wages withheld under the garnishment order and the small claim court's payment of those sums to Barclays was not a transfer of the Debtor's property.

3. At the hearing on November 21, 1988, the Debtor conceded that it was likely that the entire amount at issue was garnished from wages earned prepetition. He argued, however, that such money was exempt as personal property under Ind.Code 34–2–28–1(a)(2), and that the small claims court violated the automatic stay in turning over the garnished amount to Barclays. This Court denied the Debtor's motion from the bench, and now makes this entry to further explain the basis of that denial.

4. First, the Debtor's motion is procedurally defective. Under Bankruptcy Rule 7001, a proceeding to recover money or property, with certain inapplicable exceptions, must be brought as an adversary proceeding. The Debtor cannot seek turnover of property by way of motion.

5. Even if the Debtor's action were in a procedurally correct form, the Court would nevertheless deny turnover. The Court finds the case of In re Coppie, 728 F.2d 951 (7th Cir.1984), cert. denied, 469 U.S. 1105, 105 S.Ct. 777, 83 L.Ed.2d 772

(1985), to be controlling. In that case, the trustee brought actions to recover wages garnished during the 90 days preceding bankruptcy, contending that the garnishments were preferential transfers. The court construed Indiana garnishment law, and found that following a state court order that there be a continuous lien on a debtor's future income, the debtor no longer has a property interest in the percentage of income subject to the garnishment order. Because the state court had transferred ten percent of the debtors' future income to the garnishment plaintiffs more than 90 days prior to bankruptcy, there was no transfer of the debtors' property within the preference period. *Id.* at 952–53. In other words, when the debtors' employers paid a percentage of the debtors' wages to the garnishing creditors, they were not transferring *property of the debtor,* because under state law, that money belonged to the creditors, not the debtors. The Debtor attempts to distinguish this case by stating that he is not alleging that the transfer at issue was a prepetition preference, but rather that it was a postpetition violation of the automatic stay. The basis of the *Coppie* decision, however, is equally applicable to the situation at issue. The automatic stay enjoins certain actions against the debtor, property of the debtor and property of the estate. 11 U.S.C. section 362(a). The postpetition payment by the small claims court to Barclays was not a transfer of *property of the debtor or of the estate.* The money transferred, under state law, belonged to Barclays. The automatic stay did not prohibit the small claims court's transfer of Barclays' money to Barclays.

6. Because the Court finds that the money paid by the small claims court to Barclays was not property of the Debtor, it is unnecessary to reach the issue of whether the transferred money would have been exempt property.

The Court therefore DENIES the Debtor's motion for turnover.

SO ORDERED.