**In re Kenneth JOHNSON, Debtor.**

**Bankruptcy No. 99–03320.**

United States Bankruptcy Court,
M.D. Alabama.

Aug. 31, 1999.

*Findings*

Debtor filed this Chapter 13 case on July 7, 1999. Some ten months before, on September 11, 1998 Auto Acceptance had garnishment issue to collect its judgment, and served it upon the garnishee Montgomery County Commissioner of Finance. A portion of debtor's wages were withheld, and some paid over after condemnation and before bankruptcy. The debtor and the trustee now move to have those funds withheld from the debtor's wages within the ninety day period before bankruptcy declared a preferential transfer under Title 11 U.S.C. § 547. The amount withheld during this 90 days was $1081.50.

The elements of a preference under Section 547(b) are not in dispute here, except for the question of when the transfer occurred. Debtor and Trustee say it occurred within 90 days before July 7, 1999 when a portion of debtor's wages was withheld by his employee to be paid over on the garnishment. Auto Acceptance says it occurred when the garnishment issued, outside the 90 day period.

Sabrina L. McKinney, Montgomery, AL, for Chapter 13 Trustee.

John Barnett and Richard Dean, for Auto Acceptance.

Gary Backus, Montgomery, AL, for debtor.

*Opinion on Motion to Annul Writ of Garnishment Auto Acceptance*

RODNEY R. STEELE, Chief Judge.

This opinion is about when a transfer occurs under Title 11 U.S.C. § 547, when debtor or trustee seeks to recover funds withheld within 90 days before the date of bankruptcy under a garnishment by a judgment creditor.

*Conclusions*

Auto Acceptance relies upon *In re Conner,* 733 F.2d 1560 (11th Cir.1984) and two bankruptcy court cases[1] which hold that a garnishment becomes a lien which cannot be bested by a creditor on a simple contract who acquires a judicial lien after the garnishment. Section 547(e)(1)(B). This is the so-called "continuing lien" theory of wage garnishments.

The debtor/trustee relies upon *In re Freedom Group, Inc.,* 50 F.3d 408 (7th Cir.1995) and numerous bankruptcy cases[2] which conclude that Section 547(e)(3) requires a finding, under Federal law, that the garnisheed wages cannot be transferred until earned and payable to the debtor. Subsection 547(e)(3) reads:

**1.** *Dura–Built Homes, Inc. v. Dobbins Forest Products, Inc.,* 170 B.R. 170 (Bankr.M.D.Ala.1989) and *In re Rose Marine, Inc.,* 203 B.R. 511 (Bankr.S.D.Ga.1996)

**2.** *E.G. In re Polce,* 168 B.R. 580, 586 (Bankr.N.D.W.Va.1994); *In re Taylor,* 151 B.R. 772, 778 (Bankr.N.D.Miss.1993); *In re Eggleston,* 19 B.R. 280, 284 (Bankr.M.D.Tenn.1983).

For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

■ We cannot imagine a clearer statement of a point of Federal law. While the garnishment may be a state created lien right in property, if it results in a transfer under Federal law within the reach back period, it is subject to attack as a preference.[3] No fiction of state garnishment law should be erected to defeat the purpose of the Federal statute.[4]

In an earlier case in this court, it was held (*In re Kevin R. Adamson*, Chapter 13 Case Number 98–00119–RRS–13, March 31, 1998, Unpublished):

> The Debtor "acquired rights in the property transferred" on the day he became entitled to his wages. That is the date on which the lien took the wages away from the debtor. On that day, he lost a portion of his wages.
>
> For the purposes of establishing the preference, the date upon which the debtor was first entitled to wages is the date of the transfer.
>
> Upon each instance that the debtor became entitled to wages, a transfer occurred. 11 U.S.C. § 547(e)(3).

The conclusion we reach is that the transfers, amounting to $1081.50, sought to be recovered by the Debtor and the Trustee, were transfers which occurred within the 90 day period before bankruptcy was filed, and are due to be returned to this estate under Title 11 U.S.C. § 547.

---

3. *In re Dura–Built Homes, Inc.* cited in footnote 1, and relied upon by Auto Acceptance, was not a wage garnishment case. It was a garnishment of a bank account, in existence at the time of the garnishment. The whole bank account was garnisheed outside the 90 day period.

4. The House and Senate Reports on the Bankruptcy reform Act of 1978 made clear that the Congress intended to avoid the fictions created in such cases as *DuBay v. Williams*, 417 F.2d 1277 (9th Cir.1969) and *Grain Merchants of Indiana, Inc. v. Union Bank and Savings Co.*, 408 F.2d 209 (7th Cir.1969) which created artificial transfer times. House Report, pp. 374–75 (1977); Senate Report, p. 89 (1978). See also *Freedom Group, Inc.*, cited above.