### In re Marjorie MAYS, Debtor.

### No. 00–56308 RTL.

United States Bankruptcy Court, D. New Jersey.

Dec. 19, 2000.

---

Michael I. Okechukwu, Garces & Gabler, P.C., New Brunswick, NJ, Attorney for Debtor.

Lawrence J. McDermott, Jr., Pressler & Pressler, East Hanover, NJ, Attorney for Creditor New Century Financial Services.

## *OPINION*

RAYMOND T. LYONS, Bankruptcy Judge.

This chapter 7 case addresses a procedural and a substantive legal issue. The first issue is three-fold and considers whether attorneys may rely on unpublished opinions decided in this district, whether these opinions are binding, and finally whether they have precedential effect. The second issue deals with whether funds garnished from a debtor's wages within ninety days prior to the filing of the debtor's petition, and pursuant to a garnishment order issued more than ninety days before the petition filing, constitute a voidable preference under 11 U.S.C. §§ 522(h)(1) and 547(b) (West 2000).[1] This court has jurisdiction under 28 U.S.C. § 1334(a), 28 U.S.C. §§ 157(a), (b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984

---

1. All references to the U.S.C. are to the West 2000 edition.

referring all cases under Title 11 of the United States Code to the bankruptcy court. Additionally, this is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

For the following reasons, this court concludes that: (1) in the absence of any bankruptcy or district court rule prohibiting otherwise, attorneys may rely on unpublished opinions. Although these opinions are not binding, there is an underlying presumption that they have precedential effect; (2) a "transfer" for purposes of a voidable preference under 11 U.S.C. § 547(e)(3) is not made until a debtor has acquired rights in the property transferred—therefore, although the garnishment order was issued outside the ninety-day preference period, the debtor did not acquire rights in the garnished wages until later, after she earned them; and (3) the wage garnishments which occurred within the ninety-day period prepetition constitute a voidable preference and may be avoided by the debtor.

### FACTS

The facts in this matter are undisputed. The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on June 14, 2000. More than ninety days before the petition was filed, on January 28, 2000, the debtor's employer was served with a wage garnishment order relating to New Century Financial Services' ("Creditor") judgment. The wage garnishments began on February 18, 2000 and continued post-petition. The debtor's biweekly paychecks were garnished as follows:

| | Date | Amount |
|---|---|---|
| *Outside Preference Period* | 2/18/00 | $ 131.34 |
| | 3/13/00 | $ 135.09 |
| *Total deducted before Preference period:* | | $ 266.43 |
| *Ninety-day Preference Period* | 3/17/00 | $ 131.34 |
| | 3/31/00 | $ 146.35 |
| | 4/14/00 | $ 138.84 |
| | 4/28/00 | $ 136.97 |
| | 5/12/00 | $ 169.80 |
| | 5/26/00 | $ 131.34 |
| | 6/09/00 | $ 131.34 |
| *Total deducted during Preference Period:* | | $ 985.98 |
| *Petition filed* | 6/14/00 | |
| *Post-petition:* [2] | 6/23/00 | $ 131.34 |
| **TOTAL DEDUCTED:** | | $1,383.75 |

The debtor filed a motion to avoid an alleged preferential transfer. Specifically, the debtor seeks to avoid the involuntary preferential transfer of the debtor's wages during the ninety-day period preceding the petition filing under 11 U.S.C. §§ 522(h) and 547(b).

In response, the creditor relies on the unpublished decision *In re Gomez*, No. 97–27459 (Bankr.D.N.J. Dec. 8, 1997). In *Gomez*, the court addressed the identical issue in this case and determined that the New Jersey statutory scheme for wage garnishment creates a continuing lien. *Id.* at 10. Relying on several cases decided in the United States Courts of Appeal for the Second, Seventh, and Eleventh Circuits,[3] the court found that if a wage levy is placed outside of the ninety-day preference period under 11 U.S.C. § 547(b),[4] all funds

2. The Creditor voluntarily returned the post-petition garnished wages.

3. *See id.* at 4–6 (citing *In re Coppie*, 728 F.2d 951, 953 (7th Cir.1984) (per curiam); *In re Conner*, 733 F.2d 1560 (11th Cir.1984); *In re Riddervold*, 647 F.2d 342 (2d Cir.1981)). *See* discussion *infra* Part II.A.

4. 11 U.S.C. § 547(b) states:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if—

deducted from the debtor's wages up to the date of filing are considered outside of the preference period. *Id.*

## DISCUSSION

### I. The Precedential Value of Unpublished Opinions.

Before addressing the substantive issue, it is necessary to resolve three questions: (1) Can unpublished opinions be relied upon?; (2) Are opinions of one judge binding on another judge of the same court?; and (3) Even if such opinions are not binding, is there an underlying presumption that they should be followed?

■ Generally, courts treat the reliance on and the precedential value of unreported or unpublished cases somewhat differently than those cases which are published. For example, 3RD CIR. IOP 5.8 (2001) states, "[b]ecause the court historically has not regarded unreported opinions as precedents that bind the court, as such opinions do not circulate to the full court before filing, the court by tradition does not cite to its unreported opinions as authority." While the Third Circuit Rules do not apply to this court,[5] and although this rule

does not appear to bar a party's reliance on unpublished decisions, it still leaves room for the court to consider these opinions in their decision-making process. By contrast, the United States Court of Appeals for the Eighth Circuit has a local rule which provides:

> Unpublished opinions are not precedent and parties generally should not cite them. When relevant to establishing the doctrines of res judicata, collateral estoppel, or the law of the case, however, the parties may cite any unpublished opinion. Parties may also cite an unpublished opinion of this court if the opinion has persuasive value on a material issue and no published opinion of this or another court would serve as well....

8TH CIR. R. 28A(i) (2001).

■ The local rules of the bankruptcy and district courts in New Jersey presently fail to address unpublished opinions. In the absence of any local rules prohibiting otherwise, attorneys may rely on unpublished opinions.[6]

---

(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

5. The scope and organization of the Third Circuit Rules indicate that they apply exclusively to procedures "in this court." 3RD CIR. LAR 1.1 (1997). In addition, the bankruptcy court is a "unit" of the district court, thereby abiding by its own local and district court rules. *See* 28 U.S.C. § 151 ("Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter ... except as otherwise provided by law or by rule or order of the district court."); *see also* D.N.J. LBR 1001–1(a) ("These rules and the Local Civil Rules of the United States District Court for the District of New Jersey ... shall be followed....").

6. There is at least one court which has taken a further step—that is, finding that not only

may unpublished opinions be cited, but also they are necessarily binding on other courts. The United States Court of Appeals for the Eighth Circuit decided *Anastasoff v. United States*, 223 F.3d 898 (8th Cir.2000) holding that unpublished opinions have binding precedential effect. In *Anastasoff*, the taxpayer argued that she was not bound by an earlier unpublished Eighth Circuit opinion because it was not precedent. *See id.* at 899. Even though 8TH CIR. R. 28A(i) declared that unpublished opinions are not precedent, the court found this rule to be unconstitutional under Article III of the U.S. Constitution because "it purports to confer on the federal courts a power that goes beyond the judicial." *Id.* Citing the intent of the Framers and other examples of legal scholarship, the court concluded that "[t]he rule, insofar as it would allow us to avoid the precedential effect of our prior decisions, purports to expand the judicial power beyond the bounds of Article III, and is therefore unconstitutional." *See id.* at 900–01 (noting that in addition to keeping the law stable, stare decisis is also essential for the separation of legislative and judicial power).

■ Nevertheless, in the Third Circuit it is clear that a decision by a trial court judge is not binding on other judges within the same court. There is no such thing as "the law of the district." *Threadgill v. Armstrong World Indus.*, 928 F.2d 1366, 1371 (3d Cir.1991) ("Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior resolution of those claims does not bar reconsideration ....."); *see also In re Raphael*, 230 B.R. 657, 664–65 (Bankr.D.N.J.1999), *rev'd*, 238 B.R. 69 (D.N.J.1999) (bankruptcy court is not bound by the pronouncement of a single district judge in a multi-judge district); *accord In re Shattuc Cable Corp.*, 138 B.R. 557, 564 (Bankr.N.D.Ill.1992).

■ Although cases decided within this district are not binding on other judges within this district, there remains an underlying presumption that precedent should be followed. As the court summarized in *Anastasoff*:

> [I]n the late eighteenth century, the doctrine of precedent was well-established in legal practice (despite the absence of a reporting system), regarded as an immemorial custom, and valued for its role in past struggles for liberty. The duty of courts to follow their prior decisions was understood to derive from the nature of the judicial power itself and to separate it from a dangerous union with the legislative power. The statements of the Framers indicate an understanding and acceptance of these principles.

*Anastasoff*, 223 F.3d 898, at 903. While Judge Arnold's reasoning in *Anastasoff* relating to the United States Courts of Appeal would seem to apply to trial courts, the rule in the Third Circuit is different. *See Threadgill*, 928 F.2d at 1371; *see also Raphael*, 230 B.R. at 664–5. Although the unpublished opinion in *Gomez* is not binding on this court, stare decisis might suggest that it should be followed.

However, the United States Supreme Court has stated that stare decisis is a "principle of policy, and not an inexorable command." *Payne v. Tennessee*, 501 U.S. 808, 828, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991); *see also Adarand Constructors, Inc. v. Peña*, 515 U.S. 200, 231, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995) (stare decisis is "[n]ot a mechanical formula of adherence to the latest decision, however recent and questionable, when such adherence involves collision with a prior doctrine more embracing in its scope, intrinsically sounder, and verified by experience."). To the extent that an earlier unreported decision of a bankruptcy court in our district addresses the identical issue in this case, the earlier opinion is precedent which may be persuasive but is not binding and need not be followed.

For the reasons set forth below, this court disagrees with *Gomez's* interpretation of when a transfer occurs under 11 U.S.C. § 547(e)(3) and reaches a different result.

## II. Is this a voidable preference?

### A. The Approach by Three United States Courts of Appeal.

■ A review of the relevant case law outside the Third Circuit indicates that courts are split on the issue of whether a wage garnishment which occurs within the ninety-day period pre-petition but was issued before the ninety-day period constitutes a voidable preference. Three United States Courts of Appeal have held that such garnishments are not avoidable. *See e.g., In re Coppie*, 728 F.2d 951, 953 (7th Cir.1984) (per curiam) ("a debtor will not acquire rights in garnished wages."); *In re Conner*, 733 F.2d 1560, 1562 (11th Cir. 1984) (transfer was perfected outside preference period and debtors not entitled to set aside transfer as voidable preference); *In re Riddervold*, 647 F.2d 342, 346–47 (2d Cir.1981) (garnishment payments made during the preference period were not preferential transfers because the debtor has no property or interest in property

subject to the levy which can be transferred).[7]

*In re Gomez*, No. 97–27459 (Bankr. D.N.J. Dec. 8, 1997) adopted the view of these courts. Specifically, the court in *Gomez* reasoned that 11 U.S.C. § 547(e)(3) [8] controls the outcome unless [state] law clearly reflects that levy of a garnishment constitutes a novation of the debtor's rights to his future wages. *Id.* (citing *In re Deardorff*, 195 B.R. 904 (Bankr. W.D.Wis.1996)). The court in *Gomez* found that under New Jersey State law,[9] the wage garnishment levy served as a novation of the debtor's interest in his future wages. *Id.* at 9, 11. This novation caused a transfer at the time the levy was executed, and since the levy occurred prior to the ninety-day preference period it could not be avoided. *Id.* at 11.

## B. The Majority of Bankruptcy Courts.

On the other hand, the majority of bankruptcy courts across the country hold that garnishment payments collected within the ninety-day "window" of § 547, pursuant to a wage execution levied prior to the preference period, constitute voidable preferences.[10] Essentially, these courts hold that the language of § 547(e)(3) means that debtors cannot transfer their wages until they are earned, at which point the debtor acquires a right in those wages.

See e.g., *In re Polce*, 168 B.R. 580 (Bankr. N.D.W.Va.1994); *In re Roberts*, 44 B.R. 752 (Bankr.N.D.Ga.1984); *In re Morton*, 44 B.R. 750 (Bankr.N.D.Ga.1984); *In re Dunn*, 56 B.R. 275 (Bankr.M.D.La.1985); *In re Krumpe*, 60 B.R. 575 (Bankr.D.Md. 1986); *In re Perry*, 48 B.R. 591 (Bankr. M.D.Tenn.1985); *In re Smith*, 45 B.R. 100 (Bankr.E.D.Va.1984).

A close reading of three United States Courts of Appeal decisions finding that the garnishments during the preference period were not voidable under 11 U.S.C. § 547 indicates a disparity in the courts' reasoning. For example, in *Riddervold v. Saratoga Hosp. (In re Riddervold)*, 647 F.2d 342 (2d Cir.1981), the court determined that payments to the judgment creditor pursuant to the income execution did not constitute transfers of the debtor's property that were recoverable by the debtor as preferences. *See id.* at 346 (holding that under New York law service of income execution on employer works as a novation whereby employer owes 10% of employee's salary to sheriff for the benefit of the judgment creditor). Although the court discussed the relevant preference provision, 11 U.S.C. § 547, it ignored the most directly applicable provision, § 547(e)(3). Instead, the court relied on the "continuing levy" principle announced by distin-

7. These cases have been heavily criticized. *See e.g.*, Robert Weisberg, *Commercial Morality, the Merchant Character, and the History of the Voidable Preference*, 39 Stan. L.Rev. 3, 121–122 (1986); Ilan Markus, Note, *The Correct Application of Section 547(e)(3): Deciding Whether Wage Garnishment Transfers are Preferential*, 12 Bankr.Dev. J. 219, 226; *see also infra* pp. 560–62.

8. 11 U.S.C. § 547(e)(3) states:

(3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

9. Specifically, the court in *Gomez* referred to N.J. Stat.Ann § 2A–17–51 entitled "Effect of execution" which states:

On presentation of the execution mentioned in section 2A:17–50 of this title by the offi-

cer to whom delivered, for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing, or thereafter become due and owing to the judgment debtor, such execution shall become a lien and a continuing levy upon the wages, debts, earnings, salary, income from trust funds or profits due or to become due to such judgment debtor to the amount specified therein.

10. *See e.g.*, *In re Johnson*, 239 B.R. 416 (Bankr.M.D.Ala.1999); *In re Polce*, 168 B.R. 580, 586 (Bankr.N.D.W.Va.1994); *In re Taylor*, 151 B.R. 772, 778 (Bankr.N.D.Miss.1993); *In re Lewis*, 116 B.R. 54, 55–56 (Bankr.D.Md. 1990); *In re Krumpe*, 60 B.R. 575, 578–79 (Bankr.D.Md.1986); *In re Tabita*, 38 B.R. 511, 514–15 (Bankr.E.D.Pa.1984); *In re Eggleston*, 19 B.R. 280, 284 (Bankr.M.D.Tenn. 1982).

guished Judge Learned Hand under the Act of 1898 scores of years ago. *Id.* at 347.[11] Because the Second Circuit did not interpret this key provision which determines that a transfer is not made until the debtor has acquired rights in the property transferred, this court is not persuaded by the *Riddervold* decision.

Similarly, *Askin Marine Co. v. Conner (In re Conner)*, 733 F.2d 1560 (11th Cir. 1984) also failed to address the applicability of 11 U.S.C. § 547(e)(3). Instead, the court focused on § 547(e)(1)-(2)[12] which states that a transfer is perfected "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B). Based on an isolated analysis of these sections, rather than one which ought to have included § 547(e)(3)[13], the court decided that the transfer at issue was perfected outside of the preference period and therefore could be set aside as a voidable preference. *Conner*, 733 F.2d at 1562. Because this court believes § 547(e)(3) controls the outcome, it is also not persuaded by the holding in *In re Conner*.

Only one appellate court has addressed the applicability of 11 U.S.C. § 547(e)(3). *See In re Coppie*, 728 F.2d 951, 953 (7th Cir.1984) (per curiam), *cert. denied sub nom. Gouveia v. Hammond Clinic*, 469 U.S. 1105, 105 S.Ct. 777, 83 L.Ed.2d 772 (1985) (finding that under Indiana law, although employers were not liable until wages were actually earned, the garnishment order legally transferred 10% of debtors' wages to garnishors). In *Coppie*, an Indiana court issued a garnishment order against the debtor's wages outside the preference period and the debtor's wages were garnished within the ninety-day period. *Id.* at 951. Following the debtors' discharges, the trustee sought to recover the wages garnished as preferential transfers. *Id.* The bankruptcy judge held that the garnished wages did not constitute preferences and the parties appealed. *Id.* The court in *Coppie* held that there was a judicially ordered continuing lien on the future income of the debtor which worked a novation of ten percent of the debtor's

**11.** *See generally* Robert Weisberg, *Commercial Morality, the Merchant Character, and the History of the Voidable Preference*, 39 Stan. L.Rev. 3, 121–122 (1986):

Section 547(e)(3) . . . might seem to settle the issue . . . Judge Friendly, however, seemed utterly uninterested in anything so mundane as the rules contained in the new Bankruptcy Code. Rather, he leaped back to the presumably forgotten days of legal fictions under the old bankruptcy law, and relied on some turn-of-the-century decisions about property rights in garnished income. . . .

**12.** 11 U.S.C. § 547(e)(1) and (e)(2) state:

(1) For the purposes of this section—

(A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest superior to the interest of the transferee; and

(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time, except as provided in subsection (c)(3)(B);

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—

(i) the commencement of the case; or

(ii) 10 days after such transfer takes effect between the transferor and the transferee.

**13.** The legislative history of § 547(e) states that "Subsection (e) determines when a transfer is made, for the purposes of the preference section." H.R.Rep. No. 95–595, at 374 (1977), U.S.Code Cong. & Admin.News 1977 pp. 5963, 6330.

salary under Indiana law. *Id.* at 953. Once the garnishment order was entered, the debtors retained no interest in 10% of their future wages, and thus there was no transfer at the time of the actual garnishments within the preference period. *Id.* Most significantly, the *Coppie* court found that 11 U.S.C. § 547(e)(3) did not apply because "after a garnishment order providing for a continuing lien is entered in Indiana, a debtor will never acquire rights in the portion of his or her wages to be garnished in the future. Once a garnishment order has been entered by a court, the debtor's rights in 10% of his or her future wages are irrevocably transferred to the garnishment plaintiff." *Id.*

The reasoning behind the court's refusal to apply 11 U.S.C. § 547(e)(3) is not compelling. The court's statement that a debtor will not acquire rights in the property transferred—i.e., garnished wages—does not concur with the definition of "transfer" under 11 U.S.C. § 101(54) which defines a transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with real property or with an interest in property." This definition demonstrates that a transfer of an interest in property must involve a passing of rights from the debtor. Thus, if the debtor never acquired rights in her garnished wages, as indicated by *Coppie*, there could never be a transfer under § 101(54). In other words, if the debtor never has any rights in her property, by definition it is impossible for her to dispose of or part with something she never had in the first place.[14]

### C. The Transfer Occurred Once the Debtor Earned her Wages.

For the above reasons, this court disagrees with the reasoning used by the three United States Courts of Appeal finding that garnishments during the ninety-day preference period were not voidable preferences. Rather, for purposes of 11 U.S.C. § 547, a transfer is not made until the debtor has acquired rights in the property transferred. 11 U.S.C. § 547(e)(3).

Therefore, the key issue in determining if the garnishment of the debtor's wages during the ninety-day preference period constitutes a voidable preference depends on whether a transfer for purposes of 11 U.S.C. § 547(e)(3) was deemed to have been made at the time the garnishment order was entered or when the wages were earned. *See In re Taylor*, 151 B.R. 772, 775–76 (Bankr.N.D.Miss.1993). A transfer is preferential only if the property transferred belonged to debtor—i.e., if the debtor had already acquired rights in the property transferred. 11 U.S.C. § 547(e)(3). Because the § 547(b) term "interest of the debtor in property" is not defined in the Bankruptcy Code, "[w]e look to state law to determine whether property is an asset of debtor." 5 Collier on Bankruptcy, ¶ 547.03[2], at 547–20 (internal citations omitted).

The language of N.J. Stat.Ann. § 2A–17–51 entitled "Effect of execution" states:

On presentation of the execution mentioned in section 2A:17–50 of this title by the officer to whom delivered, for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing, or thereafter become due and owing to the judgment debtor, such execution shall become a lien and a continuing levy upon the wages, debts, earnings, salary, income from trust funds or profits due or to become due to such judgment debtor to the amount specified therein.

Although the statute specifically states that the execution shall become a lien and a continuing levy upon the debtor's wages, this court does not adopt the continuing levy theory adopted by *Riddervold* and *Gomez*. Instead, this court adopts the

---

14. *See generally,* Ilan Markus, Note, *The Correct Application of Section 547(e)(3): Deciding Whether Wage Garnishment Transfers are Preferential,* 12 Bankr.Dev.J. 219, at 232 (1995).

wage vesting theory elucidated by Judge Paine in *Eggleston v. Third Nat'l Bank,* 19 B.R. 280 (Bankr.M.D.Tenn.1982). Faced with the same issue in this case, Judge Paine pointed out that Congress "delineated specific guidelines to identify at what point a transfer is complete." *Id.* at 283. He stated:

> The unambiguous and clear language of the statute requires that the provisions of § 547(e)(3) apply to all transfers which are attacked as preferential, including a judicial lien obtained by a garnishment proceeding. For this reason, the transfer of the debtor's wages to the creditor in the present case could not occur until the debtor became entitled to his wages. The debtor simply has no right to wages which have not yet been earned.

*Id.* (internal citations omitted). The New Jersey law on garnishment supports the conclusion that the transfer of the debtor's wages did not occur until after the debtor had earned these wages. In particular, N.J.STAT.ANN. § 2A:17–50 entitled "When authorized; property subject to execution; application; issue of writ" states:

> [W]hen a judgment has been recovered in the Superior Court, and **where any wages, debts, earnings . . . are due and owing to the judgment debtor, or thereafter become due and owing to him** . . . the judgment creditor may . . . apply to the court in which the judgment was recovered . . . and upon satisfactory proofs . . . the court shall grant an order directing that an execution issue against the wages, debts, earnings, salary . . . or profits of the judgment debtor.

N.J.STAT.ANN. § 2A:17–50 (emphasis added). Based upon the above language allowing an order of execution against the debtor once wages are due and owing to the debtor, or thereafter become due and owing, any transfer of the debtor's wages by the judgment creditor cannot occur until after those wages have been earned. Under 11 U.S.C. § 547(e)(3) the transfer cannot occur until the debtor has rights in the property. Thus, even though there may be a continuing lien under state law, the transfer for bankruptcy purposes does not occur until the debtor has earned the wages. This court finds that all wages earned by the debtor and transferred to the garnishing creditor by the employer within the ninety-day preference period are recoverable as a preference. Finally, 11 U.S.C. § 522(h) allows the debtor to avoid the preferential transfer under § 547.

## CONCLUSION

This court finds: (1) in the absence of any bankruptcy or district court rule prohibiting otherwise, attorneys may rely on unpublished opinions. Although these opinions are not binding, there is an underlying presumption that they have precedential effect; (2) a "transfer" for purposes of a voidable preference under 11 U.S.C. § 547(e)(3) is not made until a debtor has acquired rights in the property transferred—therefore, although the garnishment judgment was issued outside the ninety-day preference period, the debtor acquired rights in the property transferred once she became entitled to her wages; and (3) the wage garnishments in the amount of $985.98 which occurred within the ninety-day period pre-petition constitute a voidable preference and must be returned to the debtor.