**In re Wanda B. WHITE, Debtor.**

**No. 00–59211.**

United States Bankruptcy Court,
D. New Jersey.

Jan. 25, 2001.

Jeffrey E. Jenkins, Jenkins & Clayman, Haddon Heights, NJ, for Debtor.

Patrick D. McTernan, c/o Penn Federal Savings Bank, West Orange, NJ, for Penn Federal Savings Bank.

### *MEMORANDUM OPINION*

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by debtor Wanda B. White to set aside payments to Penn Federal Savings Bank (hereinafter "Penn Federal") as preferential under section 547(b) of title 11, United States Code (the Bankruptcy Code).[1] Penn Federal opposes the motion. The principal issue is whether funds garnished from the debtor's wages during the preference period, and pursuant to a garnishment order issued before the preference period began, constitute a voidable preference under section 547(b). The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B)

---

**1.** Although a trustee is required by FED. R. BANKR. P. 7001(1) to file an adversary proceeding to avoid a preferential transfer, a debtor is authorized by FED. R. BANKR. P. 4003(d) to avoid such a transfer by motion if the property transferred is exempt.

and (F). This shall constitute the court's findings of fact and conclusions of law.

## FINDINGS OF FACT

The relevant facts are not in dispute. The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on September 7, 2000. In her petition, the debtor scheduled Penn Federal, which holds a second mortgage on her home, as a creditor with a secured claim. According to Schedule D, Penn Federal also holds an unsecured claim for the undersecured portion of the debt owed to it by the debtor. A creditor with a claim secured by a lien on property worth less than the amount due on such claim, plus the amount due on any senior liens, has a secured claim to the extent of the value of its lien and an unsecured claim to the extent of any deficiency. *See* 11 U.S.C. § 506(a). Penn Federal does not argue that its second mortgage is fully secured. The trustee has abandoned the real property due to lack of equity. The court therefore finds that Penn Federal holds both a secured claim and an unsecured claim.

The debtor defaulted on the promissory note and mortgage approximately three years before the petition date. On April 15, 1997, Penn Federal obtained a judgment against the debtor on the note in the Superior Court of New Jersey. On June 27, 1997, the Superior Court entered an order for wage execution, and a writ of execution was subsequently issued against the debtor's wages. On September 30, 1997, prior to the commencement of the preference period, the wage execution was served on the debtor's employer.[2]

The debtor's bi-weekly wages were garnished to satisfy Penn Federal's judgment. During the eight bi-weekly pay periods during the preference period, a total of $1240.37 was garnished from the debtor's wages. On October 20, 2000, the debtor filed the instant motion for an order setting aside the eight transfers as voidable preferences under Code section 547(b). A hearing was held before the court on December 11, 2000, after which the court reserved decision.

## CONCLUSIONS OF LAW

White contends that the payments were made to Penn Federal during the ninety-day preference period on account of an antecedent debt that was owed prior to the transfers. White also asserts that she was insolvent at the time of the transfers, and that the subject wages are exempt under Code section 522(d)(5). White argues that because of the transfers, Penn Federal will receive more than it otherwise would under a chapter 7 liquidation. In opposition, Penn Federal notes that the transfers were made pursuant to a valid wage execution order which was served on the debtor's employer before the preference period began. Penn Federal contends that the debtor cannot avoid the transfers because the debtor did not have a property interest in the funds which were transferred during the preference period. Accordingly, Penn Federal asks the court to deny the debtor's motion.

### I.

■ The court first notes an issue as to whether the debtor has standing to bring the instant motion. The debtor cites only section 547(b) as authority to avoid the alleged preferential transfers. Bankruptcy Code section 547(b), however, does not confer standing upon a debtor to avoid such transfers. Instead, section 547(b) grants the avoidance power solely to the bankruptcy trustee. Code section 522(h) confers standing upon a debtor to invoke the trustee's avoidance power under sec-

---

**2.** Bankruptcy Code §§ 547(b)(4)(A) and (B) define the preference period as the ninety-day period before the petition date, or the period between ninety days and one year where the transferee-creditor is an insider as defined by Bankruptcy Code § 101(31). In this case the creditor is not an insider, and therefore, all references to the preference period refer to the ninety-day period.

tion 547(b). *See In re Berman*, 232 B.R. 653, 656, n. 5 (D.Md.1999), *aff'd* 203 F.3d 820 (Table 4th Cir.2000); *see also In re Polce*, 168 B.R. 580, 582, n. 1 (Bankr. N.D.W.Va.1994).

To have standing under section 522(h), the debtor must prove that she could have exempted the property transferred; the trustee could have avoided the transfer under section 547; and that the trustee did not attempt to avoid the transfer. *See* 11 U.S.C. § 522(h); *see also In re Berman*, 232 B.R. at 655–56.[3] Pursuant to section 522(g)(1), the debtor must also establish that the transfer at issue was involuntary and the debtor did not conceal the property transferred. *See In re Tash*, 80 B.R. 304, 305 (Bankr.D.N.J.1987). All of the elements are satisfied in this case.

## II.

To establish a voidable preference, the debtor must demonstrate by a preponderance of the evidence that a transfer of an interest of the debtor in property was made:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made (A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C)

such creditor received payment of such debt to the extent provided by the provisions of this title.

*See* 11 U.S.C. § 574(b); *see also In re Jolly "N," Inc.*, 122 B.R. 897, 902–03 (Bankr.D.N.J.1991). The elements of section 547(b) are conjunctive, and each must be present to avoid a transfer. *See Waldschmidt v. Ranier (In re Fulghum Constr. Corp.)*, 706 F.2d 171, 172 (6th Cir.), *cert. denied sub nom., Ranier & Assoc. v. Waldschmidt*, 464 U.S. 935, 104 S.Ct. 342, 78 L.Ed.2d 310 (1983).

## III.

▪ Under section 547(b), the threshold inquiry is whether a transfer of an interest of the debtor in property has occurred. Bankruptcy Code § 101(54) defines a transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with property or with an interest in property . . ." *See* 11 U.S.C. § 101(54). For purposes of this Code section, an involuntary transfer "occurs when the property is transferred by operation of law, such as by means of . . . garnishment." *See In re Berman*, 232 B.R. at 656 (*quoting In re Davis*, 169 B.R. 285, 295–96 (E.D.N.Y.1994)). Garnishment is therefore an involuntary transfer of the debtor's interest in wages earned or in other sums as they become due to the debtor.

▪ The crucial issue in this case is whether a debtor has a property interest in wages subject to a garnishment before the wages are earned. Bankruptcy Code section 547(e)(3) provides the starting point in the analysis: "a transfer is not made until the debtor has acquired rights in the property transferred." *See* 11 U.S.C. § 547(e)(3). Thus, a debtor must

---

**3.** Bankruptcy Code § 522(h) provides that:

[t]he debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under sections 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

first have rights in the property under the state law before a transfer can occur. *See generally Freedom Group, Inc. v. Lapham–Hickey Steel Corp. (Matter of Freedom Group, Inc.)*, 50 F.3d 408, 410 (7th Cir.1995)(*citing Barnhill v. Johnson*, 503 U.S. 393, 397–98, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992); *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 370, 65 S.Ct. 405, 408, 89 L.Ed. 305 (1945)); *see also In re Mays*, 256 B.R. 555, 562 (Bankr.D.N.J. 2000) (citing 5 COLLIER ON BANKRUPTCY, ¶ 547.03[2] ).

In the recent case of *In re Mays*, the court held that under New Jersey law, a debtor's property right to future wages attaches only after the wages have been earned. *See In re Mays*, at 562–63.[4] The court also held that for purposes of Code section 547(e)(3), a transfer of wages can occur only after the debtor has earned the wages subject to transfer. *See id.* at 562 (*citing Eggleston v. Third Nat'l Bank (In re Eggleston* ), 19 B.R. 280 (Bankr. M.D.Tenn.1982)). Accordingly, *In re Mays* held that garnishment of a debtor's wages earned during the preference period constitutes a voidable preference, regardless of when the garnishment order was served. *See id.* at 562–63.

The holding from *In re Mays* is consistent with the majority of cases from other districts which hold that wages received by a creditor during the preference period on a prior garnishment are transfers within the preference period under Code section 547(b). *See* 5 COLLIER ON BANKRUPTCY, ¶ 547.05[b] (Lawrence P. King, ed., 15th ed.2000)*; see also In re Mays*, 256 B.R. 555, at 560–61 (*citing, e.g., In re Johnson*, 239 B.R. 416 (Bankr.M.D.Ala. 1999); *In re Polce*, 168 B.R. 580 (Bankr. N.D.W.Va.1994); *In re Taylor*, 151 B.R. 772 (Bankr.N.D.Miss.1993); *In re Krumpe*, 60 B.R. 575 (Bankr.D.Md.1986); *In re Dunn*, 56 B.R. 275 (Bankr.M.D.La.

1985); *In re Roberts*, 44 B.R. 752 (Bankr. N.D.Ga.1984); *In re Smith*, 45 B.R. 100 (Bankr.E.D.Va.1984); *In re Tabita*, 38 B.R. 511 (Bankr.E.D.Pa.1984); *In re Eggleston*, 19 B.R. 280 (Bankr.M.D.Tenn. 1982)). As in the case of *In re Mays*, these courts hold that "section 547(e)(3) means that debtors cannot transfer their wages until they are earned, at which point the debtor acquires a right in those wages." *See In re Mays*, 256 B.R. 555, at 560.

Not all courts agree with that conclusion. A minority of courts hold, for varying reasons, that wage garnishment which occurs during the preference period but which was ordered before the preference period does not constitute a voidable preference. There are three circuit decisions which primarily constitute the minority position. *See* 5 COLLIER ON BANKRUPTCY, ¶ 547.05[7][b]. The cases are *Riddervold v. Saratoga Hospital (In re Riddervold)*, 647 F.2d 342 (2nd Cir.1981)(without reference to section 547(e)(3), held no transfer during preference period because execution of garnishment order created continuing lien which acted as novation of debtor's rights in wages); *In re Coppie*, 728 F.2d 951 (7th Cir.), *cert. denied sub nom., Gouveia v. Hammond Clinic*, 469 U.S. 1105, 105 S.Ct. 777, 83 L.Ed.2d 772 (1985)(court found section 547(e)(3) inapplicable and held no transfer during preference period because execution of garnishment order acted as novation of debtors rights in wages); and *Askin Marine Co. v. Conner (In re Conner)*, 733 F.2d 1560 (11th Cir.1984)(without reference to section 547(e)(3), held transfer occurred at time of execution and not during preference period because no creditor could obtain a superior lien after execution).

---

4. This conclusion is not limited to this context. *See, e.g., In re Neto*, 215 B.R. 939, 941 (Bankr.D.N.J.1997)(*citing Matter of Brown*, 82 B.R. 967, 968 (Bankr.N.D.Ind.1988)(future wages not part of bankruptcy estate because

debtor has not yet earned wages)); *Little v. Little*, 35 N.J.Super. 157, 161, 113 A.2d 524, 526 (App.Div.1955)(wages to be earned in the future do not constitute property subject to alimony calculation).

These cases, however, have been criticized. *See e.g., In re Mays*, 256 B.R. 555, at 560, n. 7 (internal citations omitted); *Tabita v. IRS (In re Tabita)*, 38 B.R. 511, 513 (Bankr.E.D.Pa.1984)(criticizing *Riddervold* for failure to consider Code section 547(e)(3)); *Malone v. Fidelity Nat'l Bank (In re Dunn)*, 56 B.R. 275, 278 (Bankr.M.D.La.1985)(rejected decision of *In re Coppie* because that court's decision that section 547(e)(3) was inapplicable was without basis in the law); *Matter of Freedom Group, Inc.*, 50 F.3d at 412 (arguing that *In re Conner* was overruled by *Barnhill v. Johnson*, 503 U.S. 393, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992)). This court rejects the minority view because it ignores the fact that an employee has no right to salary until it is earned. It is only then that a debtor has "acquired rights" in such salary for purpose of Code section 547(e)(3). Since a transfer cannot occur under that section until the debtor acquires such rights, there is no transfer of garnished salary until it is earned. Accordingly, the requirement of section 547(b)(4)(A) that there be a transfer of an interest of the debtor in property within 90 days of the petition date is satisfied as to wages earned and seized under the garnishment during that period.

### IV.

 The remaining elements of a voidable preference have also been satisfied in this case. The transfers of the debtor's wages were for the benefit of creditor Penn Federal, and were made on account of an antecedent debt owed prior to the respective transfers. The transfers were made while the debtor was insolvent. *See* 11 U.S.C. 547(f) (providing that debtor is presumed to be insolvent during the 90 days before the petition date). Finally, the facts indicate that because of the subject transfers, Penn Federal would receive more than it would from the estate in this chapter 7 case. The test to determine whether a creditor would receive more, as a result of alleged preferential transfers, than it would receive under a chapter 7

distribution is whether the general unsecured creditors would receive less than 100% recovery on their claims. *See In re Jolly "N," Inc.*, 122 B.R. at 904; 5 COLLIER ON BANKRUPTCY, ¶ 547.03[7]. The trustee's minutes of the section 341(a) meeting of creditors state that it appears that assets do not exceed liens and exemptions, meaning that unsecured creditors will receive no distribution in this case.

### CONCLUSION

For the foregoing reasons, the court finds that the seizure of funds from the debtor's wages earned during the preference period, pursuant to a garnishment order issued before the preference period began, constitutes a voidable preference under Code section 547. The motion is therefore granted. The debtor is to submit an order on notice within ten days.